MOLLIE MEYER, Respondent, v. SAMUEL MEYER, Appellant.

First Department, May 27, 1958.

*Thomas H. McManus* of counsel (*Joseph A. Brust* with him on the brief; *Lynch, McManus & Brust,* attorneys), for appellant.

*Abraham Hornstein* of counsel (*Lawrence R. Condon,* attorney), for respondent.

McNALLY, J. Defendant-appellant challenges an order made below which (1) granted the application of the plaintiff-respondent for an increase in the monthly sums required to be paid by the appellant for her support and the support of the two minor children of the parties under the terms of a decree of the Supreme Court entered July 5, 1951, divorcing the respondent from the appellant; and (2) granted counsel fees in connection with said application.

On September 24, 1957, respondent made application to modify said decree to the extent of increasing the monthly payments for her support from $225 to $500, and for the support of said two children from $225 to $550, and for a reasonable counsel fee in connection with said application. The grounds for the application were an increase in the appellant's income, an increase in the expenses for the support and education of the children because of their advance in years, and an increase

in the general cost of living. The application was opposed on the grounds that plaintiff is precluded from the relief sought by reason of the terms of a subsisting separation agreement between the parties, and, further, that the appellant's income had not increased as alleged by the respondent.

Respondent's said application was granted and the divorce decree modified so as to increase the monthly payments for the respondent's support to $275, and the monthly payments for the support of the children to $290, and an allowance made of $150 for counsel fee in connection with the application. Appellant moved for reargument; the motion was granted but the court adhered to its original decision. One order was entered in respect of the original application and the motion for reargument. Appellant appeals from the order except so much thereof as granted the application for reargument.

Subsequent to the separation agreement referred to, and on July 5, 1951, an interlocutory decree of divorce was entered in favor of the respondent. The decree became final in due course. The decree contains a provision as follows: "ORDERED, ADJUDGED AND DECREED that in addition thereto, the settlement with reference to alimony as set forth in the agreement by and between the parties dated December 7th, 1950, received in evidence before the said official referee is hereby incorporated herein in the same manner and effect as if the same were specifically set forth herein".

In its original decision the court below held that the question whether the agreement had merged in the decree was one which could be determined only after a trial. On reargument the court held that the separation agreement which was incorporated in the judgment of divorce did not contain any provision that it was to survive that decree, and that the adoption by the court of that agreement and the direction therein made that the defendant pay the amount to which the parties had agreed did not preclude the relief herein sought.

We hold that plaintiff-respondent has not at this time established a merger of the separation agreement and the divorce decree herein. Since there is not a satisfactory showing that the provision for plaintiff's support is inadequate, she may not, on this record, obtain support for herself beyond the provision therefor in the agreement. "[W]here defendant is not in default under the agreement nor has he abandoned or acquiesced in any way in the efforts of plaintiff to repudiate the agreement, and no question of inadequacy arises, the separation agreement is in full force and effect and the plaintiff cannot increase the amount of alimony therein provided". (*Schmelzel*

v. *Schmelzel*, 287 N. Y. 21, 27.) (*Goldman* v. *Goldman*, 282 N. Y. 296; *Hettich* v. *Hettich*, 304 N. Y. 8; *Sureau* v. *Sureau*, 280 App. Div. 927, affd. 305 N. Y. 720.) The following statement from *Schmelzel* v. *Schmelzel* (*supra*, p. 26) is also apropos: '' As was pointed out in the *Goldman* case, only a mutual act of the parties based upon mutual intention, or some other cause recognized by law, could terminate this valid separation agreement. ' Such agreements, lawful when made, will be enforced like other agreements unless impeached or challenged for some cause recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement.' (*Goldman* v. *Goldman*, *supra*, p. 300; *Galusha* v. *Galusha*, 116 N. Y. 635; *Galusha* v. *Galusha*, 138 N. Y. 272.) ''

Under the circumstances here present, modification of the provision for the support of the children was within the court's power. (Cf. *Langerman* v. *Langerman*, 303 N. Y. 465.) The order appealed from should be modified on the law and the facts, and in the exercise of discretion, to the extent of deleting therefrom the provision for modification in respect of the support and maintenance of the plaintiff-respondent, and otherwise affirmed, without costs.

BOTEIN, P. J., RABIN, STEVENS and BERGAN, JJ., concur.

Order unanimously modified on the law and the facts, and in the exercise of discretion, to the extent of deleting therefrom the provision for modification in respect of the support and maintenance of the plaintiff-respondent, and otherwise affirmed, without costs.

Settle order.