■ In the Matter of GRETA M. BAKER, Respondent, v. BROWNELL BAKER, Appellant.— GREENBLOTT, J. Appeal from an order of the Family Court, St. Lawrence County, entered December 14, 1967, which directed appellant to pay $20 a week for the support of his stepchildren. While respondent and appellant were married, a support order of the Family Court dated July 9, 1965, directed appellant to pay $10 a week for the support of his stepchildren. The parties entered into a separation agreement on August 12, 1966 which provided in paragraph 4: " The wife who now has custody of the minor children shall continue to have the custody and control of the minor children and the husband shall pay support for said children according to the order of the St. Lawrence County Family Court and in accordance with the laws of the State of New York." On August 23, 1966, appellant obtained a Mexican divorce from respondent. she having appeared by an attorney in that proceeding. The divorce decree provided that the separation agreement would survive the entry of such decree. The support order was subsequently modified by an order entered December 14, 1967 directing appellant to pay support of $20 a week. Appellant contends that, under the laws of this State, a stepfather's divorce from the child's mother terminates the stepfather's duty to support the stepchild. Since this is so, he urges, the requirement in the separation agreement that he " shall pay support for said children * * * in accordance with the laws of the State of New York" relieves him of any further duty of support following his divorce from the stepchildren's mother. There is no doubt that a husband can contract a support obligation in a separation agreement which will survive a divorce, even though any obligation of support would have terminated upon the divorce had there been no separation agreement (see *Murray* v. *Hassman*, 26 A D 2d 647, affd. 19 N Y 2d 828). A separation agreement is subject to construction and

interpretation the same as any other contract (16 N. Y. Jur., Domestic Relations, § 715). The separation agreement was executed just 11 days prior to the divorce procured by appellant. Thus the parties apparently drew up the separation agreement in contemplation of the subsequent divorce. It is obvious that the parties would not go to the trouble of providing for support to be paid according to the order of the St. Lawrence County Family Court if by the very next clause they meant that support was to be paid only if there was a statutory or noncontractual obligation to do so. A more reasonable construction is that appellant contracted to pay support for the stepchildren, the amount of which was to be set by the order of the Family Court in accordance with the laws of this State. This construction gives effect and meaning to each word in the support clause, whereas the construction urged by appellant would render the clause meaningless. If the support obligation were to terminate 11 days after the execution of the separation agreement, there would have been no need to provide for such in the agreement. Our decision obviates the necessity of reaching the question of whether a divorce between the stepfather and the natural mother terminates the stepfather's obligation to support his stepchild, in the absence of an agreement. Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.