Max Bloom, J.
This is a motion by the executor of plaintiff’s estate to punish the defendant for contempt of court and for an order awarding him custody of the two infant children of the marriage between plaintiff and defendant.
Plaintiff and defendant were married on June 4,1950. By virtue of marital discord, action was brought by plaintiff in 1963 which resulted in a decree of separation dated June 13, 19,66. This decree provided for alimony for plaintiff in the sum of $15 per week and support and maintenance in behalf of each of the infant children of the marriage in the sum of $20 per week. The defendant failed to make the payments provided by the separation decree and, on June 14,1967 an order was entered adjudging him in contempt, and granting him leave to purge himself upon the terms specified in the order.
Negotiations thereupon ensued between the parties and on August 17,1967, an agreement was entered into under the terms of which certain payments were to be made by defendant in consideration of which the order punishing defendant for contempt was to be vacated. It is conceded that these payments were made and no endeavor was made to enforce the contempt order. The final paragraph of the agreement, which forms the background *242 for the current controversy, reads: “ Notwithstanding the provisions herein contained, the husband shall continue to make payments to the wife for her support and the support of the children as provided in the judgment dated June 13, 1966, in the sum of $55.00 per week.”
On August 16,1967, the day preceding the entry into the agreement disposing of the alimony controversy, the defendant acknowledged a power of attorney authorizing a Mexican attorney to represent him in a divorce action to be brought against him in the State of Chihuahua, Mexico. Such a suit was brought and resulted in a judgment of absolute divorce between the parties on August 31, 1967. That judgment makes no provision for alimony to the wife or for support and maintenance of the children. In the recitals contained in the judgment mention is made of the children and that they ‘1 reside in a foreign country under the custody of the plaintiff. ’ ’ The second decretal paragraph of the judgment, the only such paragraph which refers to the children, provides: ‘ ‘ The minor children of the marriage, to wit: RICHARD and VALERIE, shall continue in the same condition as at present, under the custody of the plaintiff.”
The plaintiff died on December 4, 1969. From April, 1968 to the date of her death no payments were made by defendant for alimony nor from April, 1968 to date has defendant made payments for the support and maintenance of the children.
The executor contends that the agreement of August 17, 1967 survived the Mexican divorce and that by reason of the failure of the defendant to make the payments specified therein the defendant is in contempt of court. Assuming, without conceding, that the circumstances warrant this interpretation, the short answer to this contention is that the failure to comply with a contractual obligation does not give rise to contempt and the parties could not, by private agreement not assented to by the court, amend the separation decree.
Moreover, the authorities are clear that a divorce decree issued by a court having personal jurisdiction of both parties supersedes the provisions of a prior separation decree (Lynn v. Lynn, 302 N. Y. 193 ; Rosenberg v. Rosenberg, 3 A D 2d 944 ; Millman v. Millman, 27 Misc 2d 669 ; Hughes v. Hughes, 13 Misc 2d 951).
1 ‘ It follows, then, that the alimony provisions of a prior judgment of separation must yield to the overriding effect of the divorce decree ” (Lynn v. Lynn, supra, p. 204), and “ no right of support can survive except as awarded by the final decree of divorce or by an authorized amendment to such decree ’ ’ (Lynn v. Lynn, supra, p. 203). Nor is Lappert v. Lappert (20 N Y 2d 364) to the contrary. There, the husband stipulated in open *243 court, upon the trial of the separation action that11 ‘ the requirements for payment of alimony and support shall not be affected by any decree of divorce ’ ” (p. 369), and the separation decree itself incorporated that language. The court there held that “ by so stipulating in open court, the husband freely waived his right to assert the overriding effect of a subsequent divorce decree in an action on the separation judgment ” (p. 369).
The motion to punish for contempt must, therefore, be denied.
To say that the children may not enforce their remedy by contempt is not to say that they are without remedy. Public policy mandates that the obligation of a father to support his children persists even where custody is lost by reason of a judgment of divorce which makes no provision for child support (Manice v. Randolph, 221 App. Div. 570 ; White v. White, 154 App. Div. 250 ; Family Ct. Act, § 413). Here the father has recognized the obligation by contracting to pay a fixed amount therefor. That agreement may be enforced against him in a plenary action brought on behalf of the children; or the children may proceed in the Family Court, in the first instance, to have that court fix ‘ ‘ for [their] support a fair and reasonable sum according to ’ ’ the father’s means (Family Ct. Act, § 413).
So far as the issue of custody is concerned, the children have indicated their preference. Since they are of sufficient maturity, considerable weight attaches to their wishes. Accordingly, the custody arrangement currently existing will not be disturbed.