**JUDITH GOLDSTEIN, Respondent, v. EDWARD GOLDSTEIN, Appellant.—** In an action in which a judgment of the Supreme Court, Queens County, was entered February 2, 1973, granting plaintiff a divorce, after a nonjury trial, defendant appeals, as limited by his brief, from so much of the judgment as (1) directed him to continue to make the support payments for the parties' two infant children during the two weeks or full month of the summer vacation when the children are visiting with defendant or are in camp at his expense, i.e., $35 per week for each child; (2) directed him to pay $1,250 per year toward the cost of designated special schooling, etc., for the parties' infant son, Andrew; (3) directed that the specified award of alimony and child support shall not cover extraordinary medical and dental expenses; and (4) directed that the alimony and child support payments by defendant shall commence November 6, 1972. Judgment modified, on the facts and in the exercise of discretion, (1) by inserting in subdivision (d) of the third decretal paragraph thereof, immediately after the provision that defendant shall continue to make the child support payments " during the above-mentioned visitation periods ", the following: " except when the children are in camp at the defendant's expense "; and (2) by striking from the seventh decretal paragraph the provision that " the net return [after the sale of the home] will be divided between the husband and wife, and until said sale is completed the defendant shall at said closing of title furnish the plaintiff with an accounting of all rental receipts and disbursements and any profits " and substituting therefor the words " the net proceeds ". As so modified, judgment affirmed insofar as appealed from, without costs. Since plaintiff in her brief contends that the judgment does not obligate defendant to make the $70 per week child support payments during summer periods when defendant would send the children to camp and pay their expenses, and since the language of the judgment in reference thereto is unclear, we modify the judgment in the interests of clarity.

The provision in the judgment with respect to the sale of the marital home is so lacking in clarity that modification is necessary in line with the intention of the parties as expressed in their agreement. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.