■ SAROLTA TAMAS, Appellant, v. IMRE TAMAS, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered September 6, 1974 in Tompkins County, which denied plaintiff's motion for summary judgment. The record contains evidence that on or about June 19, 1970 the parties entered into a separation agreement which made provision for support payments and other material matters, and specifically provided that in the event of a final

judgment or decree of divorce the agreement "shall be embodied in, and made a part of any such judgment or decree." On January 21, 1971 the plaintiff obtained a decree of divorce upon the ground that she had lived separate and apart from her husband pursuant to the afore-mentioned separation agreement for one year. Thereafter, the plaintiff moved in Family Court for payments as called for by the separation agreement as incorporated in the divorce decree. The Family Court, however, modified the amount of the payments from which order no appeal was taken. The plaintiff commenced this action on or about May 16, 1974 to recover judgment for support payments due pursuant to the terms of the separation agreement. Among other things, the defendant in his answer asserted that the separation agreement had merged in the divorce decree and, accordingly, was not now separately enforceable. Plaintiff moved for summary judgment upon the ground that the separation agreement had not in fact or law merged in the divorce decree and, further, upon the ground that the divorce decree was invalid and void because the one-year period from the time of the separation agreement had not expired as of the time the decree was granted and/or the action for divorce commenced. Special Term, inter alia, found that the plaintiff having procured the divorce and together with the defendant having obviously relied upon its provisions was estopped from attacking the validity of the divorce decree. In Krause v. Krause (282 N. Y. 355) relied upon by Special Term, the court found that although a prior divorce decree was unenforceable because of a lack of jurisdiction, the party having secured the void divorce could not assert its invalidity at a subsequent proceeding where such action would be inconsistent with the intent of the party in the first instance. In Krause the prior divorce action, if valid, would establish the validity of a subsequent marriage which was at issue in the second proceeding. The action attempted to be taken by the defendant Krause in the New York State matrimonial matter was to declare totally invalid and inoperative the prior divorce obtained by him so as to destroy the foundation for the subsequent marriage between himself and the plaintiff in the subsequent New York matrimonial action. The inconsistency is apparent and the unjustness is obvious. In the present case, the plaintiff after having obtained the prior divorce would take a course of action completely inconsistent therewith by declaring the same void. This course of action by the plaintiff is completely inconsistent with her intent in the prior divorce action and, as noted by Special Term, would have profound implication insofar as the defendant has already entered into a new marriage. It appears that the basis for an estoppel in the present case is as strong and fair as that which was found in the Krause case and, accordingly, the plaintiff is estopped from denying the vadility of the prior divorce decree and Special Term properly denied her motion for summary judgment upon that ground. The court's further determination that in a case such as the present where the separation agreement has no express provision for either survival or merger in regard to a subsequent decree of divorce, a factual hearing should be held to determine the intent of the parties is not an abuse of discretion. (See Sureau v. Sureau, 305 N. Y. 720.) Accordingly, the order appealed from should be affirmed. Order affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.