■ In the Matter of KATHLEEN D. MORIARTY, Respondent, v JOSEPH K. MORIARTY, Appellant.—Appeal from an order of the Family Court of Delaware County, entered December 27, 1978, which directed that respondent pay petitioner child support in the amount of $225 per month, retroactive to May of 1978. Petitioner and respondent were divorced by a judgment, entered in Delaware County on November 15, 1977, which provided that respondent pay petitioner child support in the amount of $350 per month for the two children of the marriage. Subsequently, on April 30, 1978, one of the children died as a result of injuries sustained in an automobile accident, and when respondent thereafter allegedly unilaterally reduced his monthly child support payments, petitioner moved in Family Court of Delaware County for an order continuing said payments at a rate of $350 per month. Following a hearing on the matter at which petitioner testified and respondent submitted an affidavit in lieu of an appearance, the court fixed the amount of support for the remaining child at $225 per month, and respondent now appeals. Initially, we find that Family Court plainly had the power to modify the monthly rate of child support which respondent was required to pay, since the decree divorcing the parties expressly provided, in accordance with a stipulation between the parties' attorneys, that Family Court was granted jurisdiction to modify child support payments upon a change of circumstances. Moreover, only respondent's strained construction of the parties' separation agreement, which was merged in the divorce decree, could result in a contrary conclusion because that agreement also provides that, in the event of an action for divorce between the parties, the financial arrangements set forth in the agreement may be reviewed by a court having jurisdiction. Such being the case, we turn to the actual modification of respondent's monthly child support obligation and find that it should not be disturbed. There were unquestionably changed circumstances which justified the court's action, most notably the death of one of the issue of the marriage and respondent's apparent unilateral action in reducing his monthly payments. Furthermore, petitioner's testimony at the hearing provided ample support for payments of $225 per month for the remaining child commencing upon her sister's death, and the court properly considered rising living costs resulting from inflation as one factor in making its ultimate determination (see *Schine v Schine*, 45 AD2d 687). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.