■ Lena I. Nopper, Respondent, v Robert J. Nopper, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 9, 1979 in Columbia County, upon a decision of the court at a Trial Term, without a jury. On March 9, 1974 the parties were then husband and wife and they entered into a separation agreement which provided, in part, as follows: "This agreement shall be offered in evidence in such action [absolute divorce], and if acceptable to the court, shall be incorporated by reference in the decree that may be granted therein. This agreement shall be merged in the decree and shall not survive the same." The appellant sued the plaintiff for a divorce upon the ground of living separate and apart for more than one year pursuant to the separation agreement, and, upon the respondent's initial appearance but subsequent default, a decree of divorce was granted to appellant and entered in Albany County on May 30, 1975. The decree of divorce recited that, among other things, the separation agreement was before the court, and it adjudged in its final decretal paragraph: "ORDERED, ADJUDGED AND DECREED, that all of the terms and provisions of the separation agreement between the parties dated March 9, 1974, and the modification of said agreement, dated January 1, 1975, are hereby incorporated and made a part of this decree by reference, but such agreements shall survive and not merge with this decree." The respondent commenced this proceeding to recover unpaid sums of money due under the agreement. The appellant attempts to avoid liability upon the theory that the agreement is void by its own terms regardless of the refusal of the divorce court to provide for the merger in its decree. Special Term refused to consider the argument and it is apparent that the appellant is foreclosed from asserting the agreement is unenforceable. The divorce court had jurisdiction over him and its decree as to the effect of the agreement which it had before it is final and binding. Upon this appeal, it does appear that the trial court erroneously assessed disbursements against the appellant. Judgment modified, on the law, by striking so much thereof as awarded disbursements to the plaintiff, and, as so modified, affirmed, with costs. Sweeney, J. P., Staley, Jr., Main and Herlihy, JJ., concur.

Kane, J., concurs in part and dissents in part in the following memorandum. Kane, J. (concurring in part and dissenting in part). Although I agree that disbursements were erroneously assessed against the defendant, I would additionally conclude that the entire judgment should be reversed. Plaintiff's action is one in contract for the alleged breach of a separation agreement. While such agreements are subject to ordinary principles of construction and interpretation (cf. *Tamas v Tamas,* 47 AD2d 686; *Matter of Baker v Baker,* 33 AD2d 812), the quoted language of the instant contract makes it unambiguously plain that its terms were not to survive a subsequent divorce. Wholly apart from *defendant's* inability to collaterally attack a conflicting provision contained in the divorce decree, the *trial court* should have recognized the divorce court's patent lack of jurisdictional authority to make any new agreement between the parties (see *Stoddard v Stoddard,* 227 NY 13; *Johnson v Johnson,* 206 NY 561). It should have given effect to the agreement as written and dismissed plaintiff's complaint. She may, of course, pursue any remedies which are available under the Domestic Relations Law, but the agreement can no longer supply her with a basis for contractual relief.