■ In the Matter of ELIZABETH H. PERRY, Respondent, v ROBERT R. PERRY, Appellant. — Appeal from so much of an order of the Family Court of Schoharie County (Lamont, J.), entered September 19, 1980, as awarded the petitioner alimony in the amount of $150 per week and made such alimony payments binding upon respondent's estate. By decree dated March 26, 1980, petitioner divorced the respondent on the grounds of cruel and inhuman treatment. The decree provided that all matters relating to alimony and custody be referred to the Family Court. Of the four children of the marriage only the youngest is unemancipated, and he resides with respondent and respondent's new wife and her three infant children of a prior marriage, in the marital residence. Therefore, custody is not an issue. Following a hearing in Family Court, pursuant to the referral of alimony by the decree of divorce, that court awarded petitioner $150 per week and made the payments required thereby binding on the respondent's estate. This appeal is limited to those two provisions of the order. The parties were married September 5, 1953. Although petitioner had a Bachelor of Arts Degree in English, she is not a licensed teacher and worked for the first two years of the marriage as a saleslady in a bookstore while respondent was attending Harvard Business School. Thereafter, petitioner remained at home raising the children until 1978, when she worked at menial tasks receiving minimum wage. She is presently 53 years old. Her earning capacity does not exceed $5,000 per annum. Respondent, a graduate of the Harvard Business School, is the president and major stockholder of Mohawk Sintered Alloys, Inc., and controls its board of directors. In 1979, he earned $34,000 and in 1980 $30,000, against which he contends that he has to repay a $5,000 advance. Additionally, he is reimbursed for travel and entertainment expenses. His new wife was earning $130 per week working for the same corporation, and additionally was receiving $292.50 per month child support from her ex-husband. Based on these factors made relevant on the issue of support by section 236 of the Domestic Relations Law, the award of $150 a week to petitioner was suitable, fair and reasonable and should be affirmed. In regard to the provision of the order that made the respondent's obligation to pay alimony binding on his estate, there must be a reversal. Without an agreement or other voluntary act by respondent evidencing an intention to bind his estate to make alimony payments to petitioner, the obligation of respondent terminates with his death (Cohen v Cronin, 39 NY2d 42; Matter of Donohue, 78 Misc 2d 923). Inasmuch as no cross appeal has been taken by petitioner, there is no merit to her contention nor any indication in this record that the amount of alimony fixed by the Family Court should be increased. Accordingly, the order appealed from should be modified by deleting therefrom the last decretal paragraph, which binds respondent's estate to make the alimony payments to petitioner. Order modified, on the law and the facts, by deleting therefrom the last decretal paragraph, and, as so modified, affirmed, with costs to petitioner. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.