■ ROSEMARY TRENTALANGE, Appellant, v JAMES N. TRENTALANGE, Respondent. — In a matrimonial action in which the plaintiff wife was previously granted a divorce, she appeals from so much of an order of the Supreme Court, Nassau County (Vitale, J.), entered March 29, 1982, as denied her application to amend her papers to include additional support arrears upon a finding that the defendant father was only required to make limited child support payments while each child was enrolled as a full-time student in a college or university and granted her limited counsel fees. Order modified, on the facts, (1) by deleting the second decretal paragraph and substituting therefor a provision granting plaintiff's application to amend her papers to include additional support arrears, (2) by deleting the fifth decretal paragraph and substituting therefor a provision that during the period in which any of the parties' children is a full-time student enrolled in a college or university, that the defendant pay to the plaintiff $80 per *month* support per child while the child is actually away in attendance at such college or university and $100 per *week* support per child enrolled in a college or university during intersessions and recesses while entrusted to plaintiff's care, and (3) by increasing the counsel fee to $1,000 plus $60 disbursements. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings to fix the amount of arrears. By stipulation between the parties the defendant assumed the obligation to pay child support of $100 per week per child subject to reduction under specified circumstances. As pertinent here one circumstance was when the children were enrolled as full-time students in a "sleepaway college". Under the stipulation the defendant agreed to pay the children's room and board; in return his support obligation would be reduced to $80 per month per child so enrolled. In issue on appeal is the meaning to be ascribed to the phrase "while the child is attending school". Under the circumstances, including the colloquy at the time the stipulation was entered into, it is clear that the parties intended that the defendant's support payments are to be reduced only while he is under the obligation to pay room and board for the children during their *actual* attendance at a college or university. During the intersessions, and recesses the defendant is required to pay $100 per week per child. The counsel fee awarded is inadequate and should be increased to $1,000 plus $60 disbursements. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.