■ MARY SMALL, Respondent, v SHELDON SMALL, Appellant. —Weiss, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered November 6, 1984 in Sullivan County, which granted plaintiff's motion for summary judgment.

The parties were married in April 1968 and had four children. In May 1980, they entered into a two-page separation agreement which provided, in substance, that plaintiff receive $50 per week as support, that she also receive a $10,000 lump-sum settlement with payments to be made in multiples of $500, depending on defendant's ability to comply, and that plaintiff be provided with proper medical insurance and be named as the beneficiary on an existing life insurance policy. In return, plaintiff agreed not to defend an action for divorce premised on abandonment, nor to challenge an award of custody to defendant. A decree of divorce was granted to defendant on October 15, 1980, which awarded defendant custody of the children with liberal visitation accorded plaintiff.

A rather convoluted history of litigation followed, little of which is pertinent to our decision. However, in September 1983, plaintiff served an amended verified complaint seeking, *inter alia,* to enforce her rights pursuant to the May 1980 separation agreement. Defendant moved to dismiss the action, contending that the separation agreement failed to survive the judgment of divorce. By order entered August 21, 1984, Special Term granted defendant's alternative request for a hearing on the issue of whether the parties intended the separation agreement to survive the divorce decree. Plaintiff testified that defendant made payments in accordance with the terms of the separation agreement until he remarried in February 1982. In a transcript of an examination before trial conducted July 23, 1983, defendant acknowledged complying with the separation agreement until he "ran out of money sometime in February of '82", and confirmed that he made a

payment of $1,500 toward the lump-sum award. Although defendant opted not to testify at the hearing, he submitted an affidavit controverting plaintiff's testimony. Special Term concluded that the parties intended the agreement to survive the judgment of divorce and granted plaintiff's request for summary judgment in its entirety. This appeal ensued.

Defendant principally maintains that the evidence was insufficient to support Special Term's determination of intent. We disagree. Generally, a separation agreement will be deemed to survive a divorce decree unless otherwise provided *(see, Meyer v Meyer,* 5 AD2d 655; *Haboush v Haboush,* 56 Misc 2d 666; 19 Carmody-Wait 2d, NY Prac § 117:41, at 518). Where, as here, a separation agreement fails to provide for either survival or merger in any subsequent decree of divorce, a factual hearing should be held to determine the intent of the parties *(Tamas v Tamas,* 47 AD2d 686, *lv dismissed* 36 NY2d 913; *Sureau v Sureau,* 280 App Div 927, *affd* 305 NY 720; *see,* 47 NY Jur 2d, Domestic Relations, § 815, at 319). This is precisely the course followed by Special Term. Significantly, both the separation agreement and the divorce decree are silent as to the duration of the agreement. Moreover, the record convincingly establishes that defendant continued to make payments pursuant to the terms of the agreement for a period well beyond the date of the divorce decree. This continuation of payments provides ample support for Special Term's determination that the parties intended the separation agreement to survive the judgment of divorce.

Defendant's further assertion that plaintiff was guilty of laches in pursuing this action is unpersuasive. Until defendant discontinued compliance with the separation agreement in February of 1982, there was no occasion for plaintiff to seek the instant relief. Once payments were discontinued, plaintiff pursued her rights under the contract within a reasonable time. That defendant may now be financially burdened by the instant judgment cannot be attributed to any delaying tactics by plaintiff.

Finally, we note that inasmuch as defendant has paid $1,500 against the lump-sum award, the order should be modified to reflect this payment.

Order modified, on the facts, without costs, by amending the third decretal paragraph thereof in accordance with this decision, and, as so modified, affirmed. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.