■ In the Matter of ROBERT A. KIRSCHNER, Respondent, v GLORIA J. KIRSCHNER, Appellant.—Harvey, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered April 18, 1985, which, inter alia, partially granted petitioner's application in a proceeding pursuant to Family Court Act article 4, and modified a portion of petitioner's support obligation.

In August 1971, petitioner and respondent entered into a separation agreement which was later incorporated into a judgment of divorce granted against petitioner. The separation agreement required petitioner to pay $100 per month for the support of each of the parties' three children, for a total child support payment of $300 per month. The agreement further provided that "[i]t is the desire of the husband to provide for the higher education of his children of this marriage and so acknowledges his responsibility in this agreement". The divorce decree provided that all future matters concerning support, maintenance and custody would be referred to Family Court. After the emancipation of the parties' oldest child, Family Court ordered petitioner to continue paying $300 per month in child support.

In September 1984, the parties' second child, Lisa, enrolled at the State University of New York at Brockport. In October 1984, petitioner applied for a downward modification of the child support obligation he was paying respondent, alleging a change of circumstances in that he was now paying approximately $4,000 to cover the cost of Lisa's tuition, room and board. After conducting a hearing, Family Court modified the portion of petitioner's child support payment which was payable directly to respondent to $200, provided that he continue to pay for Lisa's college expenses. Respondent has appealed.

Respondent contends that it was error for Family Court to reduce the support provisions of the separation agreement

payable directly to her. We disagree. The separation agreement states only that it is petitioner's "desire" to provide for the "higher education" of his children. We agree with Family Court that this is, at best, vague and noncommital. Even assuming that this provision somehow bound petitioner to pay for Lisa's college tuition, it cannot be reasonably construed to involve a commitment to pay for her room and board for the approximately eight months she is at college and at the same time pay child support to respondent as though Lisa were residing with her. Accordingly, it was within the court's discretion to clarify the terms of the agreement to essentially allow petitioner a credit against the amount of his child support obligation payable directly to respondent, reflecting the fact that he was meeting a substantial portion of that obligation by paying for his daughter's room, board and related expenses while she was at college (see, Trentalange v Trentalange, 96 AD2d 534; Goldstein v Goldstein, 42 AD2d 777; see also, Matter of Moriarty v Moriarty, 71 AD2d 710). Furthermore, respondent is still receiving $200 per month in child support, which is the equivalent of the terms of the original provisions of the separation agreement (i.e., $100 per month for each of her children under the age of 21).

Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.