■ In the Matter of MYRA O. REDENBACK, Appellant, v DENNIS C. REDENBACK, Respondent.—Harvey, J. Appeal from an order of the Family Court of Chenango County (Humphreys, J.), entered July 25, 1985, which, *inter alia,* granted respondent's application, in a proceeding pursuant to Family Court Act article 4, to terminate his obligation to make child support payments to petitioner.

Pursuant to the terms of a separation agreement, respondent was required to pay petitioner $20 per week per child for support of the minor children of the marriage who resided with petitioner. Petitioner and her three children lived in the former marital residence in Tyner, Chenango County, until November 1984. At that time, petitioner moved to East Pharsalia, Chenango County, to reside with her paramour. The three children, however, remained at the Tyner residence and for a time they lived there alone, unsupervised by an adult, except such supervision as was provided by the oldest of the children. In January 1985, petitioner's sister moved into the Tyner residence and undertook supervision and care of the children.

In April 1985, respondent commenced this application for review of a prior order alleging that under the terms of the separation agreement he was no longer required to make child

support payments to petitioner. Following a hearing, Family Court held that the support provisions of the separation agreement envisioned petitioner in physical custody of the children. The court further found that petitioner's sister, and not petitioner, had been providing the children with their basic necessities. The court thus granted respondent's application to stop paying child support to petitioner. This appeal by petitioner ensued.

We affirm. Ambiguous terms of a separation agreement are subject to construction and interpretation just as any other contract (see, Slatt v Slatt, 64 NY2d 966; Matter of Baker v Baker, 33 AD2d 812; 47 NY Jur 2d, Domestic Relations, § 797, at 287). Where, as here, the agreement* does not unambiguously require continuation of child support payments upon a showing that the person receiving the payments neither has actual custody of the children nor is applying the money received towards support of the children, it is within the court's discretion to construe the agreement not to require continued payments directly to such person (see, Matter of Kirschner v Kirschner, 119 AD2d 962; Goldstein v Goldstein, 42 AD2d 777). Here, the competent evidence credited by Family Court revealed that, since December 1984, petitioner had purchased no food and virtually no clothing for her children. Providing actual support of the children's needs was left to petitioner's sister and the court stated that it would entertain an application from petitioner's sister to require either or both of the children's parents to provide support. Upon review of the limited information provided in the record, we conclude that Family Court did not abuse its discretion in this matter.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* This appeal petitioner asked us to construe the terms of a separation agreement, but failed to include a copy of that agreement in the record on appeal. However, since neither party has objected to this omission, we will assume that the short provision of the agreement read by Family Court into the record at the hearing is the only provision relevant to this dispute.