*108 OPINION OF THE COURT
Kaye, J.
A judgment of divorce entered by a court with subject matter and personal jurisdiction is not, in the circumstances presented, open to later collateral attack on the ground that the judgment erroneously failed to embody the terms of the parties’ settlement agreement regarding merger of the agreement into the decree. Given the nature of the alleged error and the parties’ long reliance on the judgment, defendant husband cannot now challenge its accuracy.
After 23 years of marriage and six children, plaintiff began an action in Supreme Court for divorce, which was contested by defendant. Before trial actually commenced, on May 3, 1978 the parties — both represented by counsel — signed a stipulation of settlement, whereby defendant withdrew his answer and agreed to allow plaintiff to obtain a judgment of divorce. The agreement settled the rights of the parties with respect to child custody, visitation, child support, alimony, property division and other economic incidents of the marriage, including health and life insurance. The final paragraph provided that it "shall be submitted to the Justice presiding at the matrimonial action part and that such Stipulation and Agreement shall become incorporated into and shall merge into any Judgment of Divorce granted to the parties herein.” Nevertheless, the judgment of divorce issued by Supreme Court some five weeks later provided, in one of its decretal paragraphs, "that the terms of the written stipulation of settlement, dated May 3, 1978, relating to custody, visitation, support and alimony, and signed by the parties shall be incorporated, but shall not merge, in this decree.” Neither party made any objection to the judgment or took an appeal. Indeed, in subsequent proceedings against each other in New York and in Connecticut, both parties relied on the judgment without questioning its validity or accuracy.
In 1983, plaintiff commenced the present breach of contract action to recover arrears in child support and alimony due under the settlement agreement. Defendant’s answer, dated February 1984, contained denials and affirmative defenses, but in no way disputed the judgment itself. Two years later, in response to plaintiffs amended complaint claiming additional arrears through February 1986, defendant for the first time asserted, as an affirmative defense, that the intent of the parties, as expressed in the stipulation of settlement, was to *109 merge the agreement into any subsequent divorce decree, and that the agreement therefore did not survive the decree as a separately enforceable contract. Following a bench trial, Supreme Court awarded judgment against defendant, concluding that the present action could be maintained under the terms of the settlement agreement. Rejecting defendant’s argument that the agreement was unenforceable by its own terms, the court held that the judgment of divorce provided otherwise, that the divorce court had jurisdiction over the parties, and that its ruling on the effect of the settlement agreement was final and binding. The Appellate Division affirmed, without opinion, and this court granted leave to appeal. We now affirm.
The settlement agreement upon which the present action is based states that it was to merge into any judgment of divorce later granted to these parties. If merged, the agreement would cease to exist as a separately enforceable contract (see, McMains v McMains, 15 NY2d 283, 287; Jaeckel v Jaeckel, 179 Misc 994, 997; 2 Foster and Freed, Law and the Family, New York § 28:53, at 462-463 [1966]). If not merged, the agreement may survive as a basis for suit, independent of other available procedures for enforcing the decree (see, Merl v Merl, 67 NY2d 359, 362; Goldman v Goldman, 282 NY 296; see also, 1 Tippins, New York Matrimonial Law and Practice § 8:06, at 20 [1986]).
Supreme Court apparently viewed the merger issue as one of fact. The court found, after trial, that there was "insufficient evidence” to warrant a finding that it was the parties’ intent to merge the settlement agreement into any subsequent judgment of divorce. Plaintiff urges that this finding, affirmed by the Appellate Division and supported by the record, alone compels affirmance (see, Humphrey v State of New York, 60 NY2d 742, 743-744). We disagree. The settlement agreement is a contract subject to principles of contract interpretation (Clayburgh v Clayburgh, 261 NY 464, 469; Matter of Baker v Baker, 33 AD2d 812). Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence (Nichols v Nichols, 306 NY 490, 496; see also, Chimart Assocs. v Paul, 66 NY2d 570). There being no ambiguity in this contract with respect to the intent of the parties that the settlement agreement should merge into the divorce decree, we proceed to consider the legal question whether the judgment is subject to collateral attack *110 by defendant based on the divorce court’s alleged error in reciting that the agreement did not merge into the judgment.
In general, a final judgment of divorce issued by a court having both subject matter and personal jurisdiction has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated (see, Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307; Marinelli v Marinelli, 88 AD2d 635, 636; D’Auria v D’Auria, 200 Misc 939, 942; 1 Foster, Freed and Brandes, Law and the Family, New York § 6:38, at 512 [2d ed 1987]). Consequently, where there is a conflict between a settlement agreement and the decretal provisions of a later divorce judgment, the judgment will govern (see, e.g., Greschler v Greschler, 51 NY2d 368, 376; Lynn v Lynn, 302 NY 193, 201-203, cert denied 342 US 849; Okun v Okun, 66 Misc 2d 241, 242). Moreover, absent unusual circumstances or explicit statutory authorization, the provisions of the judgment are final and binding on the parties, and may be modified only upon direct challenge (D’Auria v D’Auria, supra; 47 NY Jur 2d, Domestic Relations, § 1218, at 855).
Applying these general principles, defendant’s failure to seek modification of, or to appeal, the judgment of divorce bound him to its terms, including the provision for survival of the settlement agreement (MacDonald v MacDonald, 73 AD2d 958, 959; Nopper v Nopper, 72 AD2d 827, affd on other grounds 50 NY2d 1009). True, a divorce judgment may be subject to collateral attack in cases where a divorce court is without competence to entertain the matter (Lacks v Lacks, 41 NY2d 71, 74-76; see also, Foster and Freed, 1977 Survey of New York Law, Family Law, 29 Syracuse L Rev 569, 574-575 [discussing Lacks]; Meyer, Some Thoughts on Statutory Interpretation with Special Emphasis on Jurisdiction, 15 Hofstra L Rev 167, 180-182 [1987]). But that exception does not apply here. The judgment was rendered by a court plainly vested with subject matter and personal jurisdiction. Its error — if indeed error— did not go to competence to adjudicate the dispute, but to a matter readily correctable upon timely application for modification or appeal (Lacks v Lacks, supra; see also, Nuernherger v State of New York, 41 NY2d 111, 115-118; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166).
Finally, the circumstances of this case preclude a contrary conclusion. To rewrite a judgment of divorce which has been relied on by both parties for 10 years would defeat the *111 plaintiffs reasonable expectation that the judgment was valid as entered, and would subvert the policy of upholding settled domestic relations that underlies the doctrine of equitable estoppel in divorce cases (see generally, Krause v Krause, 282 NY 355, 359-360; Clark, Estoppel Against Jurisdictional Attack on Decrees of Divorce, 70 Yale LJ 45 [1960]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.