■ In the Matter of DONNA R. BERSIN, Respondent, v MICHAEL BERSIN, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Capilli, J.), entered April 27, 1987, which denied his objections (1) to an order of the same court (Mellan, H. E.), dated February 9, 1987, granting the mother a money judgment in the amount of $3,854, and (2) to that portion of an order of disposition of the same court (Mellan, H. E.), also dated February 9, 1987, which denied that branch of the father's application which was for

vacatur of arrears accruing under an existing order of support.

Ordered that the order is reversed, on the facts, without costs or disbursements, the father's objections to the order of the Hearing Examiner which directed entry of a money judgment and to that portion of the order of disposition which denied the father's application for vacatur of arrears are sustained, the orders of the Hearing Examiner are vacated insofar as objected to, and the matter is remitted to the Family Court, Nassau County, for a determination in accordance herewith as to the amount of arrears, if any, accruing under the support order dated September 14, 1984, as modified and continued by the support order dated October 2, 1985.

By order dated September 14, 1984, the Family Court, Nassau County (Ryan, J.), directed the father to pay the mother $275 per week, allocated at $137.50 per child, for the support of the parties' two children, Scott and Robyn. The order provided that "[w]hen [the] children are in camp for July and August, [the father is] to pay $100 per week for support of [the] two children". By order dated October 2, 1985, the Family Court (Thomas, J.) continued the earlier order, modifying it only to provide that "[w]hen [the] children are living away from home for July and August, or otherwise, the father is to pay $100 per week for the support of [the] two children". The arrears, which the father had been directed by the order of September 14, 1984 to discharge at a rate of $35 per week, were fixed at $2,954 "without prejudice to [the father's] right to review the arrears".

In July and August of 1986, Robyn was away from the mother's home at camp. In September of 1986, Scott went away to college, returning home for a winter vacation from December 20, 1986 through January 20, 1987. In the interim, the father, who, commencing July 1986 reduced payments for one child to $50 while continuing to pay $137.50 for the other, made application for downward modification and vacatur of arrears. He alleged with reference to the latter request that the Support Collection Unit refused to credit him with full payment where he paid less than $137.50 for one of the two children, notwithstanding that from July 1986 one of them lived away from the home. The father did not increase the payment to the mother for Scott during Scott's winter vacation. However, at the hearing on his application and on the mother's subsequently brought application for enforcement, the father testified without contradiction that, other than some $850 paid with funds derived from a student loan, he

has paid, in full, Scott's room, board and college tuition. In or about January 1987 the father, claiming that all arrears had been discharged, ceased including an additional $35 with his support payments.

We conclude the Hearing Examiner erred when, in denying the father's application in its entirety, he construed the October 2, 1985 order as authorizing reduction of support payments only if one or both the children came to reside with him *(cf., Matter of Redenback v Redenback,* 125 AD2d 886). No such language is contained in either the October 2, 1985 order or the September 14, 1984 order. The October 2, 1985 order authorizes reduction to $100 per week for both children, and by implication $50 per week for one child, should one or both of them live "away from home" at any time of the year *(cf., Goldstein v Goldstein,* 42 AD2d 777). Although the appellant should have resumed payment of $137.50 for Scott during the vacation month that Scott resided with petitioner *(cf., Trentalange v Trentalange,* 96 AD2d 534), he otherwise should not have been charged with arrears for the period in 1986 when he made reduced payments, in accordance with the support order, because Robyn was away at camp and Scott lived away at college.

The record before us is inadequate for determination of the appropriate amount, if any, of arrears remaining under the September 14, 1984 support order as modified by the October 2, 1985 support order. We therefore remit the matter to the Family Court for determination thereof in accordance herewith. We note that, by the terms of the October 2, 1985 order, the father is not precluded from interposing a challenge to the amount of arrears as fixed therein. We also note that neither the mother nor either child is precluded from seeking upward modification should it appear that the needs of either child are not being met *(see, Matter of Redenback v Redenback, supra; cf., Matter of Kirschner v Kirschner,* 119 AD2d 962). Finally, we note that the father's contention that Family Court erred when it denied his application for downward modification has not been preserved for appellate review. The father purposefully declined to file objections to that portion of the Hearing Examiner's order *(see,* Family Ct Act § 439 [e]). Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.