■ In the Matter of the Estate of ROBERTO E. BENITEZ, Deceased. THELMA M. BENITEZ, Appellant; MICHAEL P. FRIEDMAN et al., as Coexecutors of ROBERTO E. BENITEZ, Deceased, et al., Respondents. [594 NYS2d 413] —Mikoll, J. P. Appeal from an order of Surrogate's Court of Albany County (Marinelli, S.), entered June 4, 1992, which, *inter alia,* granted respondents' motions for summary judgment dismissing the petition.

Roberto E. Benitez (hereinafter decedent) married three times during his lifetime. Petitioner was his first wife, respondent Marilyn Benitez was his second wife and respondent Josephine Benitez was his third wife. During their divorce action in 1970, petitioner and decedent entered into a stipulation which provided, *inter alia,* for the distribution of marital property and custody of their two children. The stipulation was incorporated into the judgment of divorce and provided that decedent pay petitioner $12,500 in equal monthly installments due and payable 15 days after the entry of the decree and on the same date each succeeding month. The judgment of divorce provided that petitioner be paid the same amount annually in equal monthly installments on the same schedule as provided in the stipulation with the payments, however, to continue during her life or until she remarries.

The following stipulations were also incorporated in the judgment of divorce: that the proceeds from the sale of their four jointly owned parcels of real property be divided equally; that decedent was to provide college costs to one of their children; and that decedent would maintain a $10,000 life insurance policy with petitioner as the beneficiary. However,

there was no provision anywhere by which petitioner released her rights to share in decedent's estate.

Decedent passed away in April 1991 survived by petitioner, who never remarried, and his third wife. Petitioner filed a claim against decedent's estate contending that under the divorce decree decedent's estate was indebted to her for the monthly alimony installments preceding and following decedent's death, as well as future installments. The claim was turned down and petitioner commenced an action in Supreme Court to recover for past, present and future alimony installments. The matter was transferred with the consent of the parties to Surrogate's Court pursuant to CPLR 325 (e) (see, CPLR 326 [b]).

Respondents moved for summary judgment dismissing the petition and petitioner cross-moved for summary judgment. Surrogate's Court, in dismissing the petition, ruled that the alimony provision in the divorce judgment was inoperative upon decedent's death and found no indication that decedent's duty to pay alimony was to survive his death and become an obligation of the estate. This appeal by petitioner ensued.

Petitioner's argument that the judgment of divorce entitles her to continuation of the installment payments from decedent's estate is without merit. The order of Surrogate's Court should be affirmed.

"In order to bind the estate, a separation agreement must either specifically provide for the continuation of payments or evince, from the terms of the agreement read as a whole, a clear intention that support payments continue, notwithstanding the [obligor's] death" (Cohen v Cronin, 39 NY2d 42, 45 [citations omitted]; see, Matter of Perry v Perry, 84 AD2d 612). In the absence of such an agreement, the claimant has the burden of proving "that the parties actually intended to extend the [support] obligation * * * beyond the [obligor's] lifetime" (Cohen v Cronin, supra, at 46; see, Matter of Weed, 63 AD2d 823, lv denied 45 NY2d 708).

Although the instant stipulation was not merged in the judgment of divorce, it is an independent agreement binding on the parties (see, Merl v Merl, 67 NY2d 359, 362). There is, however, no language in the stipulation which would support an interpretation that the obligation to pay monthly installments was to survive decedent's death, and, as the court by its judgment can only obligate decedent to make such payments for the duration of his life (see, Wilson v Hinman, 182 NY 408, 412), the petition was properly dismissed.

Even if the stipulations made in open court were considered to have merged into the judgment of divorce *(see, Rainbow v Swisher,* 72 NY2d 106, 110), the alimony obligation did not survive because the judgment of divorce, by making provisions for other payments to petitioner in addition to the alimony, including that petitioner be continued as beneficiary on the life insurance policy for as long as any financial obligation under the stipulations made in court or in the decree remain, indicates that there was no intent to extend the alimony obligation beyond death *(see, Matter of Weed, supra,* at 824; *Matter of Bardol,* 51 AD2d 341, 344).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.