In the Matter of SUSAN WINKLER, Appellant, v MICHAEL NUSSENBLATT, Respondent. [788 NYS2d 413]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Queens County (Bogacz, J.), dated September 23, 2003, as vacated an order of the same court (Gartner, H.E.), dated December 20, 2002, directing the father to pay $50 a week in child support, and (2) an order of the same court (Bogacz, J.), also dated September 23, 2003, as denied her objections to an order of the same court (Gartner, H.E.), dated March 24, 2003, suspending the father's child support obligations.

Ordered that the orders dated September 23, 2003, are affirmed insofar as appealed from, without costs or disbursements.

Where a separation agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from within

the four corners of the agreement, and not from extrinsic evidence (*see Rainbow v Swisher,* 72 NY2d 106 [1988]). Here there was no ambiguity in the parties' separation agreement regarding the father's child support obligation in the event that he failed to designate the children as beneficiaries of his Social Security Disability benefits. Thus, the order erroneously determining that the agreement implied a support obligation on the father regarding those benefits was properly vacated. The mother is free to apply to the Family Court, Queens County, for a determination of the father's child support obligation under Family Court Act § 413.

The mother's remaining argument is not properly before this Court. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.