Sonkin v Sonkin (2019 NY Slip Op 07999)





Sonkin v Sonkin


2019 NY Slip Op 07999


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10273 304447/09

[*1] Stacy Sonkin, Plaintiff-Respondent,
v
Paul Sonkin, Defendant-Appellant.


Paul Sonkin, appellant pro se.
The Isaacs Firm PLLC, New York (Randi S. Isaacs of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered December 20, 2018, which, insofar as appealed from, granted plaintiff wife's motion for an award of attorneys' fees to the extent of directing defendant husband to pay the wife's counsel $50,000 within 60 days, unanimously affirmed, without costs.
After successfully defending two prior motions by the husband for downward modification of his support obligations and a plenary action to vacate the judgment of divorce (see 157 AD3d 414 [1st Dept 2018], lv denied 32 NY3d 904 [2018]), the wife moved to enforce certain obligations under the parties' stipulation of settlement and for an award of approximately $200,000 in attorneys' fees under the stipulation of settlement and/or Domestic Relations Law §§ 237(b) and 238. The husband does not dispute that the wife was entitled to counsel fees incurred in connection with her defense of his appeal from the dismissal of his plenary action under the plain terms of the parties' stipulation (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]). Under the circumstances, the motion court, being fully familiar with the underlying proceedings, appropriately determined without further hearing that the amount of fees sought, as supported by counsel's detailed billing statements, was reasonable. It is noted that the award reflected a significant reduction in the amount of fees sought by the wife (see Wolman v Shouela, 171 AD3d 664 [1st Dept 2019]).
We have considered the husband's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK