Cervera v Cervera (2023 NY Slip Op 03846)

Cervera v Cervera

2023 NY Slip Op 03846

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-11235 
2020-02759
 (Index No. 3122/13)

[*1]Patricia Cervera, respondent, 
v
Frank Cervera, appellant.

Frank Cervera, Westtown, NY, appellant pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated February 27, 2014, the defendant appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated August 30, 2018, and (2) an order of the same court dated December 30, 2019. The order dated August 30, 2018, insofar as appealed from, granted that branch of the plaintiff's motion which was to enforce certain provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, denied that branch of the defendant's cross-motion which was for an award of legal fees, and granted that branch of the defendant's cross-motion which was for a money judgment in the principal sum of $2,937.78 only to the extent of awarding him the total sum of $762. The order dated December 30, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was for an award of attorneys' fees.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by judgment of divorce dated February 27, 2014 (hereinafter the judgment of divorce). The judgment of divorce incorporated, but did not merge, a stipulation of settlement (hereinafter the stipulation) entered into by the parties in 2013. In March 2018, the plaintiff moved, inter alia, to hold the defendant in contempt for failing to comply with certain provisions of the judgment of divorce, to direct the defendant to pay for an appraisal of the former marital residence, to appoint the plaintiff as receiver to effectuate the listing and sale of the marital residence, and for an award of attorneys' fees. The plaintiff contended, inter alia, that the defendant had taken no steps to effectuate the terms of the stipulation with respect to the marital residence, including either refinancing the mortgage to remove the plaintiff from the existing debt or selling the marital residence, and that the failure to do so was negatively affecting her credit rating. The defendant cross-moved for a money judgment in the principal sum of $2,937.78 and for an award of legal fees. In an order dated August 30, 2018 (hereinafter the August 2018 order), the Supreme Court, inter alia, granted the plaintiff's motion to the extent of directing the parties to arrange for a certified appraisal of the marital residence and to share the cost of the appraisal, and, upon such appraisal, to either refinance the mortgage loan or list the marital residence for sale. The court granted the defendant's cross-motion to the extent of awarding him the total sum of $762.
Thereafter, in May 2019, the plaintiff moved, inter alia, to appoint the plaintiff as [*2]receiver to effectuate the listing and sale of the marital residence, and for an award of attorneys' fees, contending, inter alia, that the defendant failed to cooperate with her to obtain a valid appraisal of the marital residence, and failed to refinance the mortgage debt on the residence. The defendant cross-moved, inter alia, to direct the plaintiff to reimburse him for one-half the cost of an appraisal of the residence. In an order dated December 30, 2019 (hereinafter the December 2019 order), the Supreme Court, inter alia, indicated that the defendant sent a letter informing the court that the mortgage loan on the marital residence had, in fact, been refinanced, that the plaintiff's name had been removed from the mortgage loan, and that the defendant withdrew his cross-motion. The court also determined, inter alia, that the August 2018 order "was clear and unambiguous" in setting out the parties' obligations under the stipulation, that the plaintiff had been forced to engage in further motion practice to secure the removal of her name from the mortgage loan, that the branch of the plaintiff's motion which was to appoint her as receiver had been rendered academic in light of the defendant's representation that the mortgage loan had been refinanced, but that the defendant's dilatory conduct nevertheless merited an award of attorneys' fees to the plaintiff.
A stipulation of settlement entered into by the parties in a divorce action, which is incorporated, but not merged into a judgment of divorce, constitutes a contract between the parties, subject to the principles of contract interpretation (see Rainbow v Swisher, 72 NY2d 106, 109; Mons Pinto v Pinto, 151 AD3d 715, 716). Contrary to the defendant's contention, here, the Supreme Court correctly determined in the August 2018 order that, pursuant to the parties' stipulation, the defendant was obligated to take affirmative steps to sell the marital residence, as the parties had clearly intended such action if the plaintiff's name could not be removed from the mortgage loan through assumption or refinance within a specified period of time, even if such steps would have resulted in a short sale or a foreclosure of the home (see Springer v Springer, 125 AD3d 842, 843; Matter of Cricenti v Cricenti, 60 AD3d 1052, 1053).
Under the circumstances of this case, where the plaintiff was compelled to engage in motion practice to enforce the terms of the stipulation against the defendant, the Supreme Court providently exercised its discretion in awarding reasonable attorneys' fees (see Domestic Relations Law § 238; Mollah v Mollah, 136 AD3d 992, 994; Matter of Rutuelo v Rutuelo, 98 AD3d 518, 519).
The defendant's remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court