Matter of Ireland v Ireland (2025 NY Slip Op 02777)

Matter of Ireland v Ireland

2025 NY Slip Op 02777

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-03155
 (Docket Nos. F-11526-23/23A, F-11526-23/23B)

[*1]In the Matter of Christine Ireland, respondent,
v
Timothy A. Ireland, appellant.

Harvey A. Arnoff, Riverhead, NY (Joseph C. Palermo of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated April 2, 2024. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Darlene Jorif-Mangane, S.M.) dated January 16, 2024, as directed, after a hearing, and upon findings of fact dated January 12, 2024, that a judgment be entered in favor of the mother and against the father in the sum of $56,636.16 for child care arrears.
ORDERED that the order dated April 2, 2024, is affirmed insofar as appealed from, without costs or disbursements.
The parties have two children together, born in 2004 and 2006. A separation agreement, which was incorporated but not merged into the parties' judgment of divorce, among other things, required the father to pay $589.96 per month to the mother for his pro rata share of child care expenses. In July 2023, the mother filed a petition alleging, inter alia, that the father had failed to make the required child care payments.
After a hearing, the Support Magistrate, in an order dated January 16, 2024, among other things, directed that a judgment be entered in favor of the mother and against the father in the sum of $56,636.16 for child care arrears, upon finding that the father failed to make any child care payments from October 2009 through September 2017. In February 2024, the father filed objections, inter alia, to that portion of the Support Magistrate's order. In an order dated April 2, 2024, the Family Court, among other things, denied those objections. The father appeals.
"The settlement agreement is a contract subject to principles of contract interpretation" (Rainbow v Swisher, 72 NY2d 106, 109; see Cervera v Cervera, 218 AD3d 636, 638). "If not merged, the agreement may survive as a basis for suit, independent of other available procedures for enforcing the decree" (Rainbow v Swisher, 72 NY2d at 109). "Where . . . the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (id.). Therefore, the court should construe the agreement in such a way as to "give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Rhoda v Rhoda, 175 AD3d 1572, 1573). "Whether an agreement is ambiguous is a question of law for the courts" (Matter of Louie v Plissner, 174 AD3d 607, 609).
The Family Court correctly determined that the father was obligated to pay monthly child care expenses to the mother as stipulated under the terms of the settlement agreement. Further, contrary to the father's contention, the language of the agreement did not include a requirement that the mother provide evidence of child care expenses.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court