G. Robert Witmer, J.
Pursuant to rule 9-a of the Rules of Civil Practice the defendant Statewide Machinery, Inc. served notice through its attorneys herein upon the attorney for the plaintiff, demanding a verified statement setting for the post-office address and residence of the plaintiff. The plaintiff’s attorney submitted a letter for the plaintiff in response to the demand, stating that the plaintiff’s address is as indicated in the pleadings and that the plaintiff was out of the State at the time. Thereupon the defendant moved to stay the plaintiff from proceeding with this action until he should comply with the demand.
The plaintiff contends that under the rule it is necessary for the defendant personally to make the demand upon the plaintiff personally, and he cites a statement in Bender’s New York Practice (Vol. 2, p. 226) as authority for his position. It is *931 there stated that in the absence of a decision on the point, ‘ ‘ it will be wise for the party himself to make the demand and for this to be served upon the other party.” It should be noted that the author also said, ‘ ‘ There is no good reason why the demand could not be made by the attorney for one party and served upon the attorney for the other.” I agree with such statement and so hold.
Unless a statute or rule expressly or by clear intent provides to the contrary, an attorney should be permitted to act for his client. (Cf. Rules Civ. Prac., rule 115.) Clearly there is nothing in the purpose of this rule which would call for personal demand by the defendant. Neither should there be a requirement that the demand be served personally upon the plaintiff. (See Civ. Prac. Act, § 163.) Where a defendant feels the need to invoke rule 9-a, it is quite possible, if not likely, that he will have difficulty in effecting personal service upon the plaintiff. The plaintiff acts through his attorney in the action, and notice to his attorney is sufficient notice to him in this respect.
The situation is different with respect to a verified answer to the demand. To avoid equivocation and circumvention of the substance of the rule the plaintiff should answer it by verified statement, and it has been so held. (Fischer v. Seamen’s Church Inst, of N. Y., 195 Misc. 471, affd. as to this point 275 App. Div. 1047; see 2 Carmody-Wait, New York Practice, p. 530.)
The motion is therefore granted. Moreover, under the prayer for such other relief as may be just, the court further rules that if compliance with the demand, herein ordered, is not made within 20 days after service of a copy of this order with notice of entry, an order may be presented dismissing-the complaint. (Fischer v. Seamen’s Church Inst, of N. Y., supra; Rules Civ. Prac., rule 9-a.)
Submit order accordingly.