Herbert D. Hamm, J.
This is a proceeding for an order designating a single arbitrator to act with the same force and effect as if he had been specifically agreed on by the parties.
The petitioner and the respondent in 1952 entered into a partnership agreement which contained the following provision: *761 “ 17. The parties agree that if any disagreement shall arise, in respect to the conduct of the partnership business or of its dissolution, or in respect to any other matter, cause or thing, whatsoever, not herein otherwise provided for, the same shall be decided, and determined by an arbitrator; such arbitrator to be selected by the unanimous consent of the parties hereto and in the event the parties cannot agree upon a single arbitrator, then and in that event an application shall be made to the Supreme Court of Sullivan County for the appointment of such arbitrator whose decision, when made in writing, shall be conclusive upon the parties hereto.” As to this there is no dispute.
The respondent has two preliminary objections, neither of which is impressive. It is first objected that no order was entered on the withdrawal of a prior motion. The motion was withdrawn in the presence of the court and without objection on the return day. Hence there is no motion pending and the omission to enter an order, if it be an irregularity, may be disregarded (Civ. Prac. Act, § 105). It is objected also that this proceeding was brought on with less than the eight' days ’ notice required by section 1450 of the Civil Practice Act. Section 237-a is applicable to a proceeding to compel arbitration under section 1450 (Matter of Glatser [Ins. Research Serv.], 5 A D 2d 8, 9) and, as no motion was made as required by subdivision 1 of section 237-a, the objection must be deemed waived (Dembo v. Stasig, 285 App. Div. 16). If the proceeding is regarded as brought under section 1452, which is an implemental rather than an initial proceeding, there is no provision for anything like a “ service of process ” which is contemplated as the subject of a motion to be made under section 237-a (Matter of Glatser [Ins. Research Serv.], 5 A D 2d 8, 9, supra) and service may be made in the manner directed by the court. On the other hand, if the provisions of section 237-a could be construed as applicable to a proceeding under section 1452, no motion has been made and any possible objection to jurisdiction has been waived.
Besides these two objections the respondent objects also that the petition presents no arbitrable issues. Whether there are arbitrable controversies arising under a contract must be determined by the court (Matter of Terminal Auxiliar Maritima [Winkler Credit Corp.], 6 N Y 2d 294; Matter of General Elec. Co. [United Elec., etc., Workers], 300 N. Y. 262; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 299, appeal dismissed 282 U. S. 808; Matter of Eagar Constr. Corp. v. Ward Foundation Corp., 255 App. Div. 291). The respondent’s objection is untenable but a holding that arbitrable issues are *762 presented does not decide or indicate any views as to any of the issues, the resolution of which is exclusively in the province of the arbitrators (Matter of Thornton St. Realty Co. v. Lucarelli & Co., 10 A D 2d 565). Even where the existence of a controversy is in doubt, arbitration may be compelled as to whatever controversies may exist and for the purpose of removing such uncertainty (Newburger v. Lubell, 257 N. Y. 383).
The respondent has, however, raised an issue, not as to the making of the contract, which is not disputed, but as to his alleged failure to comply therewith. He has duly demanded a jury trial of the issue. Under section 1450 of the Civil Practice Act, if evidentiary facts are set forth raising a substantial issue as to the failure to comply with the contract and if a jury trial has been demanded, an order must be made referring the issue to a jury. And, if a respondent has not failed and neglected or refused to arbitrate, he is not in default under section 1450 of the Civil Practice Act (Matter of Orange Pulp & Paper Mills [Pulp Sales Corp.], 261 App. Div. 840, affd. 285 N. Y. 752). Consequently examination of the respondent’s defense is indicated. The petitioner’s attorneys rather equivocally wrote to the respondent as follows: ‘ ‘ notice is hereby given to you that by reason of circumstances of which you are aware, our client, Arnold Kesten, has determined that a dissolution of this partnership is necessary and that an accounting should be had and therefore * * * determines that an arbitrator should be selected for the purpose of resolving the disagreements which have arisen in the conduct of the partnership business.” As a result of this letter a meeting was held. In his affidavit in answer to the petition the respondent states: ‘ ‘ I attended that meeting together with my counsel and other persons. The only item of disagreement which was presented at that meeting was the question of the signing of a check for $42.00. After discussion, I agreed to sign the check ”. If the only dispute presented was one to which the respondent acceded, the respondent was under no duty to attempt the selection of an arbitrator by ‘ ‘ unanimous consent of the parties ”. The respondent urges that he is not in default and his answer raises a substantial issue as to failure, neglect or refusal to arbitrate or, in other words, as to “ failure to comply ” with the contract.
But the petitioner in a reply affidavit states: ‘1 This application is made pursuant to the provisions of Section 1452 of the Civil Practice Act for the appointment of a single arbitrator Under the nature of their agreement whereby neither party was to appoint an arbitrator but both parties were to attempt to agree upon a single arbitrator to be appointed by the court in *763 the event of their disagreement, it appears, despite the petitioner’s characterization, that this is a proceeding brought under both sections 1450 and 1452 for a direction respectively that arbitration proceed and that an arbitrator be appointed. The petitioner’s motion includes a prayer for general relief and under such prayer allied to the specific request relief other than that specifically asked for may be granted (Smith v. Witteman Co., 10 A D 2d 793, 794; Eagle Contrs. of Utica v. Black, 7 A D 2d 622, affd. 8 N Y 2d 732; United Democratic Organization v. Lewis, 21 Misc 2d 822, 823-824; Freedman v. Statewide Mach., 19 Misc 2d 930, 931). However, no determination of the section or sections under which this proceeding is brought is necessary as a condition to the respondent’s right to a jury trial.
A 1952 amendment to the Civil Practice Act makes the procedure provided by section 1450 applicable to any motion made under the arbitration article of the Civil Practice Act in which an issue is raised as to the making of the contract or submission or the failure to comply therewith (Civ. Prac. Act, § 1450, as amd. by L. 1952, ch. 762).
An order may be submitted on notice in accordance herewith. The papers in the proceeding will be forwarded with the signed order.