PEOPLE *v* STEINHOFF

CRIMINAL LAW—DEFENSES—INSANITY—WITHDRAWAL OF DEFENSE.
Defense counsel withdrawing, at defendant's request, a motion
for leave to present the defense of insanity, which defendant
made after he had been declared competent to stand trial,
left the record as it stood prior to the filing of the motion
to present the insanity defense, *i.e.*, the defense was not at
issue.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 December 13, 1971, at Lansing.
(Docket No. 10195.) Decided January 24, 1972.

Edward D. Steinhoff was convicted of carrying a
dangerous weapon with unlawful intent. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

*John J. Hermann,* for defendant on appeal.

Before: QUINN, P. J., and J. H. GILLIS and VAN
VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by as-
signment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 508.

PER CURIAM. Defendant appeals his conviction by jury of carrying a dangerous weapon with unlawful intent. MCLA 750.226; MSA 28.423.

Defendant, through appointed appellate counsel, poses the issue for our determination as follows: Did the trial court abuse its discretion by not allowing the attorney for defendant adequate time to offer a defense of insanity, where it clearly was the only appropriate defense available?

The record reveals that the trial court ordered the defendant committed to the custody of the Center for Forensic Psychiatry pursuant to MCLA 767.27a(3); MSA 28.966(11)(3), for examination in order to determine his competency to stand trial. Thereafter it was determined, in accordance with the above examination, that the defendant was competent to stand trial.

Subsequently, at the commencement of trial, defense counsel filed a motion for leave to present the defense of insanity. The required four-day notice for such defense, MCLA 768.20, 768.21; MSA 28-.1043, 28.1044, was not given. Following a conference between defendant and his attorney, a statement was made on the record to the effect that he was withdrawing his motion for leave to present the defense of insanity. The record reveals that defendant insisted that his counsel withdraw his claim of insanity at this point in the proceedings. Counsel's withdrawal of such motion at the request of the defendant had the effect of leaving the record as it stood prior to the filing of the motion. 56 Am Jur 2d, Motions, Rules and Orders, § 22, p 18. The trial court, therefore, had no occasion to exercise its discretion to rule on the admissibility of evidence of insanity. MCLA 768.21; MSA 28.1044. The

question as to abuse of discretion is, therefore, not before this Court for review.
  Affirmed.