Thomas A. Duffy, J.
Plaintiff moves for an order pursuant to CPLR 3124 compelling defendants to comply with plaintiff’s demand for a verified statement setting forth the post-office address and residence of defendants Philip Tymon and Fred Tymon.
As to the defendant Philip Tymon the demand was served on the attorneys appearing for this defendant in this action. This defendant contends' that his answer sets forth a separate defense of lack of personal jurisdiction as permitted by subdivision (b) of CPLR 320; that he has not appeared in the action and thus is not a party to the action and is immune from disclosure proceedings.
The court is constrained to overrule such contention. In Gazerwitz v. Adrian (28 A D 2d 556, 557), the court expressly held that where a defendant in his answer raises by way of a separate'defense lack of personal jurisdiction pursuant to subdivision (b) of CPLR 320 “He is, nevertheless, a party to the action and, as such, subject to the statutory disclosure provisions.”
Accordingly, the motion as to this defendant is granted and he is directed to serve on plaintiff’s attorneys a verified statement setting forth his post-office address and residence within 10 days after service of a copy of this order with notice of entry.
As to the defendant Fred Tymon, it appears that this defendant has not been served with process nor has he appeared in this action. Service of the demand for his post-office address and residence, as well as the papers on this motion, was made on an attorney representing other defendants in this action. The question thus presents itself whether .such service was proper. The court has been able to find only one case dealing with service op an attorney of a demand for the post-office address and residence of a defendant. In Freedman v. Statewide Machinery (19 Misc 2d 930), the service of the demand was made on the attorney representing the defendant whose *749 post-office address and residence was demanded and the court held such service proper since an attorney may act for his client.
The court has not been able to find any authority, nor has either counsel furnished the court with any authority, specifically dealing with service of a demand for such information on an attorney not representing a named defendant.
CPLR 3118, which is the authority for making of a demand for the post-office address and residence of a party, is derived from former rule 9-a of the Rules of Civil Practice. In Fischer v. Seamen’s Church Inst, of N. Y. (195 Misc. 471, 473), dealing in part with a demand for the post-office address and residence of a party under rule 9-a of the Rules of Civil Practice, the court said: ‘ * Moreover, as I read the rule, the disclosure must be made by the party.”
The court holds that since the disclosure of the information demanded must be made by the party himself, service of the demand on an attorney not representing such party is insufficient.
Accordingly, .the motion as to this defendant is denied.