■ In the Matter of CLARISSA STOUTE, Respondent, v CITY OF NEW YORK, Appellant. — In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Leone, J.), dated May 27, 1981, which granted the application. Order reversed, on the law, without costs or disbursements, and petition dismissed. The record reveals, *inter alia,* that in March, 1979, petitioner entered Downstate Medical Center and underwent an operation for the removal of nine wires from her stomach. A tenth wire remains in her lung. According to the uncontroverted allegations of the petitioner, the wires had been left in her body during operations performed upon her at the Kings County Hospital Center in February, 1964, and such alleged malpractice was not discovered by her until she underwent the operation on March 10, 1979. A late notice of claim was served upon the municipality and its hospital corporation on July 31, 1979, approximately 143 days after the wires were discovered in petitioner's body. The claim was

rejected by the city on or about August 16, 1979, because it was not received by the city within 90 days of the occurrence (General Municipal Law, § 50-e, subd 1, par [a]). In October, 1979, petitioner made an application for leave to serve a late notice of claim. On February 7, 1980, after the matter had appeared five times on the calendar for oral argument, petitioner's attorney withdrew the application on the ground that he was unable to appear for oral argument on the application, as required by court rules, because of trial engagements. On or about January 20, 1981, some 11 months after petitioner's attorney had withdrawn the application originally made in October, 1979, petitioner made a second application for leave to serve a late notice of claim, categorizing it as a "reinstatement" of the aborted earlier application which had been withdrawn by her counsel on February 7, 1980. Special Term, in granting the second motion, "[d]ue to the unusual circumstances of this case," likewise labeled it a "reinstatement" of the previous similar application. Since the second application for leave to serve a late notice of claim was brought approximately 22 months after the wires were discovered in petitioner's body and was the only application on the court calendar in which petitioner sought such relief, Special Term was without jurisdiction to grant petitioner's application after the expiration of the applicable one-year and 90-day Statute of Limitations (see General Municipal Law, § 50-e, subd 5; § 50-i, subd 1; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 262-263; *Moore v City of New York,* reported *sub nom. Pierson v City of New York,* 56 NY2d 950, affg *Moore v City of New York,* 84 AD2d 562). Special Term also erred in treating the second application of petitioner for leave to serve a late claim as a "reinstatement" of petitioner's prior application for the same relief. Nowhere in the Civil Practice Law and Rules is there any provision for "reinstatement" of a prior motion that has been withdrawn. A motion which is withdrawn in the presence of the court is no longer pending even in the absence of the entry of an order (*Matter of Kesten [Cooper],* 25 Misc 2d 760; 60 CJS, Motions and Orders, § 41). The effect of a withdrawal of a motion is to leave the record as it stood prior to its filing *as though it had not been made* (*Altsman v Kelly,* 336 Pa 481; *Farne v Pennsylvania Light. Co.,* 275 Pa 444; *People v Steinhoff,* 38 Mich App 135). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.