■ TRIANTAFILOS GOLFINOPOULOS, Appellant, v ARETI GOLFINOPOULOS, Respondent.—In an action for ejectment, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated September 21, 1989, which denied his motion for summary judgment and dismissed the action without prejudice to renewal of the application in the matrimonial action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the question of damages.

On February 28, 1986, the parties, each represented by counsel, entered into a stipulation of settlement in open court, which was incorporated into a judgment of divorce, entered April 22, 1986. According to the terms of the stipulation, the defendant received a valuable piece of income-producing property free and clear of a mortgage which the plaintiff paid off in full. The plaintiff received exclusive ownership of all other

remaining properties, including an apartment building. However, the defendant was permitted to continue to occupy Apartment No. 1 "rent free * * * for a period not to exceed one year from March 1st, 1986". When the defendant stayed in the apartment past February 28, 1987, the plaintiff commenced this action for ejectment. The Supreme Court denied the plaintiff's motion for summary judgment and dismissed the action on the ground that the plaintiff's application should have been brought in the matrimonial action. We disagree. Although the question of possessory rights to property may be determined in the matrimonial action (see, Domestic Relations Law § 234), where there has been a judgment of divorce, the determination of that question need not be confined to the matrimonial action (see, Tausik v Tausik, 11 AD2d 144, affd 9 NY2d 664; Halaby v Halaby, 44 AD2d 495; cf., Nagle v Di Paola, 134 Misc 2d 753). The defendant has failed to raise any other viable defense to the action. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.