IN THE SUPERIOR COURT



FILED
January 28, 2021
SX-2020-CV-00229
TAMARA CHARLES
CLERK OF THE COURT

ꞮCATION

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **SHAWN V. SMITH,** | **Case No. SX-2020-CV-00229** |
| **PLAINTIFF,** | **Complex Litigation Division** |
| **V.** | **\* \* \*** |
| **HOVENSA, LLC,** | **Coordinated Under:** *In re: Mercury Exposure Claims*, **Master Case No. SX-2020-MC-00019** |
| **DEFENDANT.** | |

Cite as: 2021 VI Super 10

**Appearances:**

**LEE J. ROHN, ESQ.**
**MARY FAITH CARPENTER, ESQ.**
Lee J. Rohn and Associates, P.C.
Christiansted, VI 00820
*For Plaintiff*

**CARL A. BECKSTEDT III, ESQ.**
**EMILY SHOUP, ESQ.**
Beckstedt & Kuczynski LLP
Christiansted, VI 00820
*For Defendant*

## MEMORANUM OPINION

**WILLOCKS,** Presiding Judge.[1]

¶1    **BEFORE THE COURT** is a motion filed by HOVENSA, LLC (hereinafter "Defendant" or "HOVENSA") to compel arbitration and stay further proceedings in the lawsuit Shawn V. Smith (hereinafter "Plaintiff" or "Smith") filed for damages allegedly from workplace exposure to mercury. For the reasons stated below, the Court rejects Smith's assertion that HOVENSA's motion should be denied

---

[1] The judge assigned to this matter concluded his term and his successor has not yet taken office. Consequently, the undersigned judge presides over this matter pursuant to Standing Order. *See generally In re: Temp. Assignment of Case Loads in the Event of a Jud. Vacancy*, Case No. SX-2020-MC-00082, 2020 V.I. LEXIS 72 (V.I. Super. Ct. Nov. 6, 2020).

because he crossed out the arbitration clauses in his employment agreement before signing it. Smith crossed out and signed the employment agreement after he allegedly was exposed to mercury. An earlier employment agreement was in effect on the date of injury in which Smith did not cross out the arbitration clauses. It controls. Therefore, the Court will grant Defendant's motion and compel arbitration.

## I.    BACKGROUND

¶2    Smith worked for Turner St. Croix Maintenance, Inc. (hereinafter "Turner"), a contractor of HOVENSA that provided laborers to the oil refinery HOVENSA operated on St. Croix. Smith was working at the oil refinery on May 2, 2006 when he and several others allegedly were exposed to mercury. The workers (collectively "plaintiffs") joined together to file a complaint against HOVENSA on July 12, 2006, captioned *Dwayne Doward, et al. v. HOVENSA, LLC*.[2] HOVENSA appeared, answered the complaint, and denied liability. Six months later, HOVENSA filed a motion to compel arbitration and stay further proceedings. HOVENSA claimed the right to compel arbitration as a third-party beneficiary of the employment agreements between Turner and Turner's employees, including Smith.

¶3    After an extension of time, the plaintiffs opposed HOVENSA's motion. HOVENSA had not complied, they argued, with a condition precedent in the Turner employment agreements. Specifically, the plaintiffs argued that their "obligation to arbitrate claims against HOVENSA . . . [was] **conditioned on HOVENSA's agreement (which shall be in expressed generally in writing to Employer[, i.e., Turner]) to be bound by the same material terms with respect to arbitration** . . . ." (Pls.' Opp'n to Mot. to Stay Proceedings & Compel Arb. 6, filed Apr. 17, 2007, *Doward, et al. v. HOVENSA, LLC*, Case No. SX-2006-CV-00441.) HOVENSA had "proffered no evidence whatsoever that it met this condition[.]" *Id.* Therefore, the arbitration clause was ineffective, the plaintiffs claimed. Smith, in

---

[2] The July 2, 2006 Complaint named Dwayne Doward, Smith, Jim Mathurin, Luke de Four, Jr., and Glenn Massiah as plaintiffs.

addition, opposed on another ground, namely that "when he was presented with the Employment Agreement, he did not agree to arbitration and indicated clearly on the Agreement that he did not so agree, by writing that before he signed his signature, 'that I did not agree to arbitration and that I was signing under duress.'" *Id.* at 1 (citation omitted). All plaintiffs further argued, *inter alia*, that HOVENSA's motion should be denied because the arbitration clauses were unconscionable and because HOVENSA failed to comply with Title 24, Section 74a of the Virgin Islands Code, which conditions arbitration on both sides consenting and further prohibits "'requir[ing] an employee to arbitrate a dispute as a condition of employment.'" *Id.* at 14 (quoting 24 V.I.C. § 74a(b).

¶4     HOVENSA replied, attaching letters dated May 6 and 19, 2003, between Rocco Colabella and Randy Maples, purportedly stating its agreement to arbitrate. In response to Smith's argument, HOVENSA countered that the controlling agreement—out of the three Smith had signed—was either the first or the second but not the third, the agreement where Smith crossed out the arbitration clauses, because Smith's injury occurred two months before he signed that third agreement. Further, "Smith's unilateral excision of those provisions from his third, post-incident arbitration does not void or supercede any previously agree-to arbitration agreements nor does his third arbitration agreement contain any express language which purports to have the same effect." (Def.'s Reply Br. re: Mot. to Stay Proceedings and Compel Arb. 3, filed May 2, 2007, *Doward, et al. v. HOVENSA, LLC*, Case No. SX-2006-CV-00441.) HOVENSA rejected the plaintiffs' unconscionability argument and further argued that Section 74a was preempted by the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

¶5     After the plaintiffs filed their opposition but before HOVENSA filed its reply, one of the plaintiffs, Jim Mathurin (hereinafter "Mathurin"), filed a motion to voluntarily dismiss his claims. Unlike the others, Mathurin was employed by HOVENSA at the time of his alleged injury. Thus, his claims were barred under the Virgin Islands Workers Compensation Act. The Court (Donohue, P.J.) granted the motion and

dismissed Mathurin. After the motion was fully-briefed, the plaintiffs and a nonparty, Winston Venner (hereinafter "Venner"), jointly filed a motion to amend the complaint. The plaintiffs sought to add "on or about May 2, 2006" as the date of their exposure to mercury, while Venner, essentially, sought leave to intervene as a plaintiff. HOVENSA opposed but only because Venner had agreed to arbitrate and amending the complaint to add him would be futile.

¶6      The plaintiffs filed another motion to amend their complaint not long after. In truth, however, the motion was really to allow other persons to intervene as plaintiffs. Francis Serieux (hereinafter "Serieux"), Horace E. D. Coates (hereinafter "Coates"), Samuel Jonas (hereinafter "Jonas"), Brian K. Arjune (hereinafter "Arjune"), Evrard Felix (hereinafter "Felix"), and Thomas Joseph (hereinafter "Joseph") sought to join the *Doward* lawsuit to assert claims from the same May 2, 2006 mercury exposure incident at the refinery. The proposed complaint retained Mathurin as a plaintiff but omitted Venner. HOVENSA opposed in part because the prior motion to amend was still pending, but also because, as before, amendment would be futile, HOVENSA argued. All six individuals who wanted to join as plaintiffs had agreed to arbitrate.

¶7      The Presiding Judge later reassigned this case to the undersigned judge for further proceedings. *See generally* 4 V.I.C. § 72b(a) (authority to balance case loads of judges). Shortly thereafter, this Court scheduled a status conference and afterward, issued an order granting the parties leave to supplement their respective positions regarding HOVENSA's arbitration motion. Several years had passed by then. The parties filed their supplemental briefs and, in an effort to streamline the case, stipulated to amending the caption to remove Mathurin and, further, to grant the second motion to amend the complaint,[3] which the Court approved.

---

[3] (*See* Stip. of the Parties 1, filed Oct. 13, 2010, *Doward, et al. v. HOVENSA, LLC*, Case No. SX-2006-CV-00441) ("All of the parties prior filings relating to the arbitrability of the claims brought by the Plaintiffs named under the Second Amended

¶8      After the parties filed supplemental briefs,[4] this matter went dormant twice more, the last time because an automatic stay was imposed when HOVENSA filed a petition for bankruptcy. Three years later, the plaintiffs notified the Court that the bankruptcy court had lifted the stay to allow the claims of Dwayne Doward (hereinafter "Doward"), Smith, Luke de Four, Jr. (hereinafter "de Four"), Glenn Massiah (hereinafter "Massiah"), and Mathurin (even though his claims had been dismissed eleven years earlier) to proceed because they agreed to limit their damages to any applicable insurance policies HOVENSA had obtained.

¶9      The Court (Dunston, P.J.) issued an order designating this case as complex, transferring it to the newly-established Complex Litigation Division, and reassigning it to judge who assigned to that division. Following a review, the Court (Molloy, J.) ordered the plaintiffs to show cause in writing why their claims should not be severed, and individual complaints filed. The Court noted much of the same background detailed above, but especially the confusion with Mathurin and Venner's claims, and then expressed concern with "allow[ing] this lawsuit to proceed with ten named Plaintiffs one dismissed Plaintiff (Mathurin) and a prospective Plaintiff (Venner) when only . . . Doward, Smith, de Four, and Massiah . . . were granted relief from the automatic stay . . . ." (Order 3, entered Dec. 23, 2019.) The parties were given deadlines to respond, with failure to respond construed as no objection.

¶10     When neither the plaintiffs nor HOVENSA responded, the Court dropped all plaintiffs except Doward, the first-named plaintiff, and severed their claims. Doward was ordered to file a third-amended

---

Complaint shall be treated collectively as a fully briefed Motion to Stay Proceedings and Compel Arbitration applicable to <u>all</u> Plaintiffs named in the Second Amended Complaint, subject to the supplemental briefing ordered by the Court.").) Venner's claims, which were the subject of the first motion to amend, were not addressed.

[4] HOVENSA filed its supplemental brief on October 12, 2010. After an extension of time, only certain plaintiffs filed a response. Doward responded on November 5, 2010, followed by Smith and Jonas, on November 8, 2010. HOVENSA filed separate replies to each plaintiff's response. This matter then went dormant for a period of time until the Court *sua sponte* granted the parties further leave to revise their arguments in light of changes in the law. (*See* Order dated Aug. 31, 2015 (citing *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (2011); *Gov't of the V.I. v. Connor*, 60 V.I. 597 (2014) (*per curiam*)).)

complaint. The other plaintiffs were ordered to file individually and pay the filing fee. All motions would remain pending and failure to comply would subject that plaintiff to dismissal of his claims. The Court directed the Clerk's Office to also open a master case under the caption *In re: Mercury Exposure Claims*, anticipating the forthcoming complaints.

¶11     Only Doward, Smith, de Four, and Massiah complied, filing amended and individual complaints, respectively. After the cases were grouped under the *Mercury Exposure* master case, the Court issued an order denying as moot the first motion to amend (which sought to add Venner as a plaintiff), and dismissed the claims of Serieux, Coates, Jonas, Arjune, Felix, and Joseph, because they failed to file individual complaints as ordered.

¶12     By notice filed in the master case, HOVENSA explained, in response to an order questioning how the parties wanted to proceed with its 2007 arbitration motion, that it preferred to refile the motion in each of the remaining cases, revising arguments accordingly based on changes in the law, rather than rely on the decades-old motion papers. The Court (Molloy, J.) then set a deadline. HOVENSA filed an omnibus motion to compel arbitration in the master case and individual motions in each case. Subsequently, Doward, de Four, and Massiah stipulated with HOVENSA to dismiss their claims, leaving only Smith's case pending.

## II.     DISCUSSION

¶13     Under Virgin Islands law, "arbitration is a matter of contract, and . . . courts should strive to . . . implement the intent of the parties." *Gov't of the V.I., Dep't of Ed. v. St. Thomas/St. John Educ. Adm'rs Ass'n, Local 101*, 67 V.I. 623, 638 (2017) (citations omitted); *see also Whyte v. Bockino*, 69 V.I. 749, 764 (2018) ("General principles of contract apply to arbitration contracts."). Hence, "a party seeking to compel arbitration must . . . [first] show that an agreement to arbitrate exists . . . ." *Whyte v. Bockino*, 69 V.I. 749, 760-61 (2018). Typically, "courts decide arbitrability if there is no agreement to the

contrary[.]" *Id.* at 763 n.11 (emphasis omitted) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002)). But if the agreement contains a delegation clause, or a provision agreeing that the arbitrator and not the court will decide both substantive and procedural arbitrability issues, then all questions concerning arbitration are for the arbitrator to decide. *See id.* at 763 ("'[I]n the absence of an *agreement to the contrary*, issues of substantive arbitrability are for a court to decide and issues of procedural arbitrability . . . are for the arbitrators to decide.'" (emphasis added) (citation and ellipsis omitted)).

¶14    However, just as the right to compel arbitration can be waived, *cf. Allen v. HOVENSA, LLC*, 59 V.I. 430, 437 (2013) ("A party waives the right to compel arbitration when it delays invoking the right and prejudice results from the delay."), the right to enforce the delegation clause can also be waived. *Cf. Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's*, 359 F. Supp. 3d 1253, 1264 (S.D. Fla. 2019) ("When the defendant does not properly raise the delegation clause and the plaintiff suffers prejudice as a result, the defendant has waived the delegation clause and the court must determine whether the arbitration agreement is enforceable."); *Espada v. Guardian Serv. Indus.*, No. 18-CV-5443 (ILG) (JO), 2019 U.S. Dist. LEXIS 181187, at *21 (E.D.N.Y. Oct. 18, 2019) ("Guardian waived enforcement of the CBA's delegation clause when it asked the Court, in its opening papers, to rule directly on the 'reserved question' by holding that Plaintiff's underlying claims are arbitrable."); *see also Schumacher Homes of Circleville, Inc. v. Spencer*, 774 S.E.2d 1, 13 & n.12 (W. Va. 2015). Thus, when invoking the right to arbitrate—and certainly when the side resists—it is incumbent on the moving party to inform the court that "the question of arbitrability is for the arbitrator to decide . . . ." *Whyte*, 69 V.I. at 763 n.11 (finding matter waived when not raised). By contrast, "a party that agrees to submit the question of arbitrability to the arbitrator waives any right to object later to that arbitrator's authority." *Kalmar Indus. USA LLC v. Int'l Bhd. of Teamsters Local 838*, 452 F. Supp. 2d 1154, 1160 (D. Kan. 2006).

¶15    Nowhere in the copious amount of briefs filed with respect to HOVENSA's motion to compel arbitration did either side mention that the employment agreement provides that "[t]he parties also agree[d] to arbitrate the issue of arbitrability of any claim or dispute." (Ex. B., p. 9, *attached to* Def.'s Mot. & Mem. of Law in Supp. of Mot. to Stay Proceedings & Compel Arb., filed Feb. 13, 2007, *Doward, et al. v. HOVENSA, LLC*, Case No. SX-2006-CV-00441) HOVENSA's February 13, 2007 motion to compel did not raise the delegation clause, nor did the Plaintiffs joint April 17, 2007 opposition assert that HOVENSA had waived the delegation clause by not raising it. The same holds for the 2010 supplemental briefing. Neither HOVENSA's October 10, 2012 supplemental brief nor Smith's November 8, 2010 response raised the delegation clause. While it may have been problematic if HOVENSA had raised the delegation clause in its May 2, 2007 reply or its November 23, 2010 supplemental reply, *cf. Espada*, 2019 U.S. Dist. LEXIS 181187 at *21 (citing *Fisher v. Kanas*, 487 F.Supp.2d 270, 278 (E.D.N.Y. 2007)), HOVENSA nonetheless did not raise it.

¶16    It was not until the July 15, 2020 omnibus motion filed in the *Mercury Exposure* master case, and the individual motion filed the same day in this case, that HOVENSA raised the delegation clause. (*See* Def.'s Omnibus Mot. re: Arbitration 7, filed July 15, 2020, *In re: Mercury Exposure Claims*, Master Case No. SX-2020-MC-00019 ("Moreover, the Parties also expressly agreed to arbitrate not only any claim arising under the Arbitration Agreement, but also the issue of arbitrability of any claim or dispute."); *see also* Def.'s Mot. to Compel Arbitration & Stay Proceedings 2, filed July 15, 2020 (same).) Thirteen years had passed. Yet Smith did not object in his September 8, 2020 opposition. Instead, he focused entirely on the validity of the employment agreement, reiterating that he had struck out the arbitration clauses. Remarkably, HOVENSA had previously conceded—based on an April 13, 2007 affidavit Smith signed and attached to his initial opposition—that the Court must "order a limited evidentiary hearing to determine whether, when and what, Turner [dispute resolution agreements or] DRAs Plaintiff Smith did,

in fact, sign." (Def.'s Reply to Pl. Smith's Resp. to Def.'s Supp. Br. re: Arbitration and Mem of New Authorities 1, filed Nov. 23, 2010, *Doward, et al. v. HOVENSA, LLC*, Case No. SX-2006-CV-00441.) Yet, Smith did not reassert the need for the Court to hold such a hearing. He did argue—in general terms— that discovery might be appropriate if the Court finds the arbitration clause ambiguous. But Smith did not resubmit his 2007 affidavit or reiterate his claim that the first two Turner agreements, which HOVENSA had attached to its motions, and which "bear[] his signature dated July 16, 2005 and September 6, 2005, respectively, have been altered." *Id.*

¶17     This case has been pending for fourteen years. During that time litigation ebbed and flowed as proceedings went dormant, were revived, stayed, and then reactivated. The Court (Molloy, J.) attempted to bring some order by dropping all Plaintiffs except Doward and ordering them, including Smith, to refile their claims individually. The severance order explicitly provided "that all motions pending in this case[, i.e., the 2006 case,] **REMAIN** pending unless and until withdrawn by the movant or otherwise ordered by the Court." (Order 2, entered Jan. 27, 2019, *Doward, et al. v. HOVENSA, LLC*, Case No. SX-2006-CV-00441.) When the Court later asked both sides to serve and file a notice in the master case, advising "whether the movant will withdraw the motion and refile it within the individual cases, *if appropriate*[,]" (Order 1, entered Feb. 26, 2020, *In re: Mercury Exposure Claims*, Master Case No. SX-2020-MC-00019), HOVENSA responded and informed the Court and the Plaintiffs that it "will refile the Motion in each of the four severed cases with the applicable Dispute Resolution Agreement attached and will supplement the briefing in accordance with recent decisions pertaining to the issue of arbitration . . . ." (Def.'s Not. re: Feb. 26, 2020 Order 1, filed Mar. 12, 2020, *In re: Mercury Exposure Claims*, Master Case No. SX-2020-MC-00019.)

¶18     To be clear, the February 26, 2020 Order did not grant HOVENSA leave to withdraw its motion. "Generally, 'court approval is not required to withdraw a motion.'" *Espiritusanto v. Hess Oil V.I. Corp.*,

72 V.I. 204, 210 (Super. Ct. 2019) (ellipsis and citation omitted). However, "'[i]f something had occurred to prejudice the opposing party by the motion's withdrawal, a different question would be presented.'" *Id.* (ellipsis omitted) (quoting *Cardenas v. Super. Ct. of Los Angeles Cty.*, 363 P.2d 889, 891 (1961). Here, following severance, the Court sought to streamline matters, inquiring if certain motions were "still pending and require[d] a ruling or alternatively whether the movant will withdraw the motion and refile it within the individual cases, if appropriate[.] (Feb. 26, 2020 Order 1.) HOVENSA responded by withdrawing its 2007 motion, as supplemented in 2010. The Plaintiffs did not respond, even though they had filed two of the three motions listed in the order. But more importantly, the Plaintiffs, including Smith, did not object to HOVENSA withdrawing a motion after successive rounds of briefing or ask the Court to preserve certain arguments already made or objections previously raised. "'A motion withdrawn leaves the record as it stood prior to the filing of the motion, i.e., as though it had not been made.'" *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 277 (Super. Ct. 2017) (quoting *Hammons v. Table Mt. Ranches Owners Ass'n, Inc.*, 72 P.3d 1153, 1157 (Wyo. 2003)).

¶19     Once HOVENSA refiled its motion to compel arbitration, it left "'the record as it stood prior to its filing as though it had not been made.'" *Id.* (quoting *In re: Stoute v. City of New York*, 458 N.Y.S.2d 640, 641 (Sup. Ct. App. Div. 1983)). At that point, HOVENSA was free to forego refiling its motion to compel arbitration entirely or, if refiled, to assert or reassert any arguments in support. Although HOVENSA did not raise the delegation clause when initially moving to compel arbitration, HOVESNA was free to assert it for the first time in its refiled motion. The Plaintiffs, and Smith in particular, waived any objection to the potential prejudice that withdrawal and refiling might cause.

¶20     More importantly, Smith also forfeited any objection to HOVENSA asserting the delegation clause when he failed to respond to it in his response. In the omnibus motion as well as the individual motion filed in this case, HOVENSA asserted the delegation clause. Smith did not challenge the delegation clause.

"Where such a clause is included, courts cannot decide threshold questions of arbitrability 'unless a party challenges the delegation clause specifically and the court concludes that the delegation clause is not enforceable.'" *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 215 (3d Cir. 2019) (quoting *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 226 (3d Cir. 2018)). "The rationale is that a delegation clause is severable from the underlying arbitration agreement such that it is separately entitled to FAA-treatment—that is, unless specifically (and successfully) challenged, the clause is in and of itself treated as a valid contract that must be enforced under the FAA's enforcement provisions." *Id.* (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 70, 72 (2010)).

¶21    "All of this, of course, assumes that the FAA controls." *Id.* In this instance, it does. As HOVENSA explains:

> In *Whyte*, the Supreme Court of the Virgin Islands determined that the [Federal Arbitration Act or] FAA—which generally requires the enforcement of arbitration agreements—applies to the Virgin Islands, either "through the Territorial Clause or the Commerce Clause" if the party seeking to compel arbitration can demonstrate that the agreement to arbitrate has an interstate nexus." (Def's Omnibus Mot. re: Arbitration 4 (quoting *Whyte*, 69 V.I. at 763).)

Additionally, the Supreme Court of the United States clarified that "courts must be the ones to determine whether an agreement is excluded from FAA coverage even where there is a delegation clause." *Singh*, 939 F.3d at 215 (citing *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 538 (2019)). In this instance, however, the parties expressly agreed to arbitrate pursuant to the FAA. (*See* Ex. A, p.9, attached to Def's Mot. to Compel Arbitration and Stay Proceedings ("Arbitration shall take place pursuant to the Federal Arbitration Agreement . . . .")).) That agreement controls. *See Tremcorp Holdings v. Harris*, 2020 VI 20, ¶ 8.[5]

---

[5] In addition, the Court finds that the employment agreements, or DRAs, have an interstate nexus. "[E]ven the slightest nexus is sufficient." *Whyte*, 69 V.I. at 762. All three agreements show that Smith was hired as a boilermaker to work at the St. Croix oil refinery. The Supreme Court of the Virgin Islands has noted, on the one hand, that "the contract that must *evidence* an interstate nexus[,]" *id.* at 762 n.10 (emphasis added), and, on the other hand, that "'the contract at issue [must] *involve*[] commerce.'" *Id.* (emphasis added) (quoting *Allen*, 59 V.I. at 434 n.2). Here, none of the contracts HOVENSA provided evidence an interstate nexus within the four corners of any of the pages, unlike in Whyte, for example, where the plaintiff's

¶22     The Court acknowledges the somewhat circular nature of this decision. HOVENSA raises the delegation clause. Delegation clauses are severable and treated as separate contracts. Smith claims he did not agree to arbitrate at all and, by implication, did not agree to delegate to an arbitrator the power to decide either substantive or procedural issues. But Smith did not challenge the delegation clause and, therefore, the Court must give effect to it. Thus, it is for the arbitrator to decide which employment agreement Smith signed controls, to decide whether Smith did, in fact, strike out the arbitration clause and what effect that has on the validity of the arbitration agreement, and—if the arbitrator finds that Smith did agree to arbitrate—to decide the merits of his claims.

¶23     The last issue to address is whether to stay further proceedings as HOVENSA requests. Although HOVENSA contends this case "must be stayed," (Def.'s Mot. to Compel Arbitration & Stay Proceedings 3), that is not certain. Two other Superior Court judges have held that the decision to dismiss or to stay a case where arbitration may be compelled is not governed by the FAA. *See Cornwall v. V.I. Indus. Maint. Corp.*, 71 V.I. 203, 216-17 (Super. Ct. 2019) ("[T]his Court joins the *Prentice* court in holding that section 3 of title 9 of the United States Code 'constitutes a procedural provision that is not, by its own terms, applicable to proceedings in Virgin Islands courts.'" (ellipsis omitted) (quoting *Prentice v. Seaborne Aviation, Inc.*, 65 V.I. 96, 110 (Super. Ct. 2016)). One judge concluded that dismissal is the better approach. *See Prentice*, 65 V.I. at 113 ("[T]he best policy for the Virgin Islands is to permit discretionary

---

employment contract required him to send notices to an address in Chicago. *See id.* ("Thus, the fact that Whyte must report to Chicago, by itself, can establish an interstate nexus."). But the contracts do reference work at the HOVENSA refinery and the Court takes judicial notice that HOVENSA refined oil. Further, as HOVENSA points out, "[a]t the time of the facts giving rise to the instant matter, the HOVENSA refinery was 'one of the world's largest oil refineries.'" (Def.'s Mot. to Compel Arbitration & Stay Proceedings 5 (citation and brackets omitted)). Thus, "the economic activities of one of the world's largest oil refineries' would 'undoubtably' affect interstate commerce . . . ." *Id.* (citation and brackets omitted). Smith failed to challenge HOVENSA's interstate nexus claims, rendering them uncontested. Moreover, all commerce within a Territory of the United States may fall within the FAA "by way of the Territorial Clause." Whyte, 69 V.I. at 760); *see also* 9 U.S.C. § 1 ("'[C]ommerce', as herein defined, means commerce . . . in any Territory of the United States or in the District of Columbia . . . .").

dismissal of actions in which all claims have been referred to mandatory, binding arbitration."). Another judge concluded that a stay is more appropriate, particularly if the parties have to return to court for further relief. *See generally Cornwall*, 71 V.I. at 219-221. Although the Court acknowledges this split of authority, the Court declines to weigh in here "'without receiving the benefit of briefing from the parties.'" *Cf. Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 529 n.5 (2013) (citation omitted). Thus, the Court will refer this matter to arbitration and stay it pending arbitration.

### III.   CONCLUSION

¶24    For the reasons stated above, HOVENSA's motion to compel arbitration must be granted. HOVENSA asserted the delegation clause by which both substantive and procedural issues must be heard and determined by an arbitrator. Smith did not object to HOVENSA's assertion of the delegation clause and thereby forfeited the right to challenge it. Thus, it is for the arbitrator to decide first, whether the parties agreed to arbitrate and then, if they did, to decide the merits of Smith's claims. Additionally, although the Court disagrees with HOVENSA that this matter must be stayed if referred to arbitration— that is an unsettled matter of Virgin Islands law not federal law—the Court shares the concerns the *Cornwall* court raised, particularly given the age of this case, but finds that staying this matter pending arbitration is more appropriate here. An appropriate order follows.

**DONE and so ORDERED this ____28th____ day of January, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**