C.A. v J.D-A. (2025 NY Slip Op 50255(U))

[*1]

C.A. v J.D-A.

2025 NY Slip Op 50255(U)

Decided on February 18, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2025
Supreme Court, Westchester County

C.A., Plaintiff,

against
J.D-A., Defendant.

Index No. XXXXX

Plaintiff- Valerie A. Gray, Esq., Law Office of Valerie A. Gray, 3539 Tiemann Avenue, Bronx, New York 10469
Defendant- Pro Se 

James L. Hyer, J.

Relevant Factual and Procedural History
On June 3, 2015, this matrimonial action was commenced with the filing of a Summons and Complaint.
On March 21, 2017, a Judgment of Divorce (hereinafter "Judgment") was entered dissolving the parties' marriage, which did not merge but incorporated by reference the terms of a Stipulation dated January 17, 2017 (hereinafter "Stipulation"). Certain provisions of the Stipulation pertained to the parties' former marital domicile known as XXXX (hereinafter "Marital Domicile") including:
"Basic child support will commence at such time when the mother relocates from the marital residence, XXXX, until the mother relocates, the father shall pay the sum of $100/week to the mother, and shall pay the mortgage on the XXXX property.
* * *
As and for maintenance, the husband shall pay to the wife the sum of $1,500/month for three (3) years, commencing when the wife vacates the marital residence.
The wife shall have the right to remain in the marital residence with the children until the marital residence is sold. During this time of the wife's tenancy at the residence the husband shall be solely responsible to pay the maintenance on the residence, and shall be solely responsible for any necessary repairs.
* * *
The wife shall cooperate with any realtors selected by the attorneys to show house for sale for potential buyers.
* * *
Plaintiff agrees to advance the sum of $9,000, 6 months of maintenance, to the wife for his maintenance obligation, at the time when she relocates from the marital residence."
The Judgment included the following provisions which mirrored those set forth in the Stipulation:
"ORDERED AND ADJUDGED that pursuant to the Court's decision dated January 17, 2017 Plaintiff shall pay to Defendant the sum of $1,500.00 per month for a period of three years commencing on the date the wife vacates the marital residence, and continuing three (3) years.
* * *
Plaintiff agrees to advance the sum of $9,000.00 to the wife for 6 months of his maintenance obligations at the time the wife relocates from the marital home.
* * *
ORDERED AND ADJUDGED that Defendant is hereby awarded exclusive occupancy of the marital residence as follows: until the premises are sold within 30 days of the final Judgment. Defendant to corporate [FN1]with the Realtors selected by the Attorneys to show the house for sale to prospective buyers.
* * *
ORDERED AND ADJUDGED that the stipulation dated January 17, 2017, a copy of which is attached, and incorporated by reference into this judgment shall survive and not merge in this judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of such stipulation."
On June 28, 2024, Plaintiff filed a motion by order to show cause (hereinafter "Motion Sequence # 7") seeking the entry of an order granting the following relief:
1. Enforcing the terms of the Stipulation of Settlement dated January 17, 2017, and Judgment of Divorce, entered May 17, 2017;
2. Finding that the Defendant wife breached the terms of the Stipulation dated January 17, 2017, in that, she failed to timely show the property to prospective purchasers;
3.Compel the Defendant to vacate the former marital residence or issue a warrant of eviction removing the Defendant and all occupants from the property forthwith;
4.Granting Plaintiff possession of XXXX;
5. A money judgment to movant in the amount of $200,000.00 for damages, placing movant/husband in the same economic position he would have occupied had the breaching party performed under the contract;
6.An accounting of the rent collected by the Defendant;
7. Pursuant to Domestic Relations Law § 237(a), award attorney fees and cost to the Plaintiff; and
8. Such other and further relief as this Court deems just and proper (hereinafter "Requested Relief").
Motion Sequence No. 7 was conformed by the Court directing: (1) a return date for Motion Sequence No. 7 of July 19, 2024, at 2:00 p.m.; (2) Plaintiff to complete service upon Defendant and Defendant's attorney of Motion Sequence No. 7 via overnight mail by July 5, 2024; and (3) a briefing schedule for Motion Sequence No. 7 would be set if needed on the return date.
Plaintiff filed Affidavits of Service confirming compliance with the Court's directives regarding service of Motion Sequence No. 7.
On July 19, 2024, a conference was held on the return date for the Motion Sequence No. 7 wherein appearances were made by Plaintiff and Plaintiff's counsel, and no appearance was made by Defendant, nor did Defendant request an adjournment.
On July 22, 2024, an Order was entered directing Plaintiff's counsel to serve Defendant with the Order via overnight delivery by July 26, 2024 and set a briefing schedule for Motion Sequence No. 7 including: (1) August 2, 2024 — Deadline for Defendant to file opposition to the Motion and/or Cross Motion; (2) August 16, 2024 — Deadline for Plaintiff to file opposition to Cross Motion, also serving as the return date for both Motion Sequence No. 7 and any cross motion filed.
On July 31, 2024, Plaintiff filed an Affidavit of Service confirming compliance with the Court's directive to serve Defendant with the above Order.
On September 5, 2024, the self-represented Defendant filed an Affidavit in Opposition to with one exhibit consisting of a series of documents. Defendant's Affidavit asserted, in part, that Defendant was outside the United States of America during the period July 18, 2024 through August 23, 2024, and she opposes the relief sought in the instant motion. While this submission was made outside the briefing schedule set by this Court, the Court accepted and reviewed it in making a determination as to Motion Sequence No. 7. 
On September 16, 2024, the undersigned entered a Decision and Order pertaining to Motion Sequence No. 7 providing the following directives:
"Based upon the foregoing, it is hereby
ORDERED that Motion Sequence #7 is granted to the extent that a hearing shall be held to address the relief requested in the instant motion, wherein all parties and counsel must be present in person, which shall commence on February 18, 2025, at 9:00 a.m., and continue day-to-day until completion; and it is further
ORDERED that by January 18, 2025, both parties shall file with the Court (with proof of service) and serve upon each other via overnight delivery the following pre-hearing disclosure: (1) List of Witnesses to be called to testify at the hearing with the understanding that if a witness is not listed they may be precluded from providing testimony at the hearing; (2) List of Exhibits enumerating each exhibit to be utilized at the hearing with the understanding that if an exhibit is not listed it may be precluded from use at the hearing; and (3) Copies of Exhibits listed in the List of Exhibits with the understanding that if an exhibit is not filed and/or disclosed between the parties it may be precluded from use at the hearing; and it is further
ORDERED that movant shall serve this Decision and Order with Notice of Entry on [*2]Defendant and Plaintiff's counsel by September 27, 2024, and shall file an Affidavit of Service by September 27, 2024; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied.
The foregoing constitutes the Decision and Order of the Court."
Thereafter, the Court received proof of service of the above Decision and Order by Plaintiff on Defendant pursuant to the Court's directive.
On January 17, 2025, Plaintiff's counsel filed a Witness List, Exhibit List and copies of proposed Exhibits with proof of service of same upon Defendant pursuant to the Court's directives.
No pre-hearing disclosure was received from Defendant.

Hearing Testimony and Documents in Evidence
At the hearing the only witness called to testify was Plaintiff C. A.
At the hearing the following exhibits were admitted into evidence:[FN2]

1. A — Copy of Original Deed to XXXX;
2. B — Divorce Summons and Complaint dated May 22, 2015;
3. C — Stipulation of Settlement dated January 17, 2017;
4. D — Divorce Judgment and Findings of Fact and Conclusions of Law dated March 23, 2017;
5. E — Family Court Order dated April 17, 2022;
6. I — Proof of Mortgage Payment for XXXX; and
7. J — Dalling and Dalling Real Estate Comparative Market Analysis.
Initially, at the hearing Plaintiff's counsel made an opening statement wherein she advised the Court that her client with withdrawing the Requested Relief sought in Motion Sequence No. 7, with the exception of items "1", "2", "3" and "4" as noted above.

Legal Analysis

A. Paintiff's Withdrawal of Requested Relief.
According to the Appellate Division Second Department, "[a] motion which is withdrawn in the presence of the court is no longer pending even in the absence of the entry of an order (Matter of Kesten [Cooper], 25 Misc 2d 760, 206 N.Y.S.2d 424; 60 C.J.S., Motions & Orders, § 41). The effect of a withdrawal of a motion is to leave the record as it stood prior to its filing as though it had not been made (Altsman v. Kelly, 336 Pa. 481, 9 A.2d 423; Farne v. Pennsylvania Lighting Co., 275 Pa. 444, 119 A. 537; People v. Steinhoff, 38 Mich.App. 135, 195 N.W.2d 780)" (Stoute v City of New York, 91 AD2d 1043, 1044 [2d Dept 1983]).
Accordingly, the Court accepts Plaintiff's counsel's statements at the hearing that withdrawing the Requested Relief sought in Motion Sequence No. 7, with the exception of items "1", "2", "3" and "4" as noted above and that the remaining requested relief initially sought by [*3]Plaintiff in Motion Sequence No. 7 were affirmatively withdrawn at the hearing; specifically, items "5", "6", "7" and "8".
B. Plaintiff's request for the entry of an order; finding that Defendant breached the terms of the Stipulation; and directing the enforcement of the Stipulation and Judgment.
The Appellate Division Second Judicial Department has provided instruction on the way matrimonial agreements are to be interpreted:
"A stipulation of settlement in a matrimonial action is a contract subject to the principles of contract interpretation (see Rainbow v. Swisher, 72 NY2d 106, 531 N.Y.S.2d 775, 527 N.E.2d 258; Douglas v. Douglas, 7 AD3d 481, 776 N.Y.S.2d 90 [2d Dept.2004]; De Luca v. De Luca, 300 AD2d 342, 751 N.Y.S.2d 766). Thus, where the stipulation is "clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (Rainbow v. Swisher, supra at 109, 531 N.Y.S.2d 775, 527 N.E.2d 258)." (Sieratzki v Sieratzki, 8 AD3d 552, 553-554 [2d Dept 2004]).
Here, the Stipulation provided clear terms pertaining to the Marital Domicile in that Defendant was to have exclusive occupancy of the property until the property was sold at which time Plaintiff would provide Defendant a lump sum payment equal to six months spousal maintenance to assist with Defendant's relocation from the Marital Domicile. The terms of the Stipulation were incorporated by reference but did not merge into the Judgment which further set forth a timeframe within the contemplated sale of the Marital Domicile would take place noting, "that Defendant is hereby awarded exclusive occupancy of the marital residence as follows: until the premises are sold within 30 days of the final Judgment. [emphasis added]"
Despite the terms of both the Stipulation and Judgment requiring Defendant to cooperate with the realtors selected to market the Marital Domicile, Plaintiff testified credibly that Defendant failed to engage in such cooperation prohibiting the marketing and contemplated sale of the Marital Domicile (Lineschmidt v. Lineschmidt, 163 AD3d 949 [2d Dept 2018] [trial court's assessment of credibility of witnesses is afforded great weight on appeal.]).
Based upon the foregoing, it is determined that the Defendant has violated the terms of the Stipulation and Judgment, by failing to cooperate with realtors in the marketing and contemplated sale of the Marital Domicile, and the parties are hereby directed to comply with all provisions of the Stipulation and Judgment, including those pertaining to the marketing and contemplated sale of the Marital Domicile.
C. Plaintiff's request for the entry of an order granting Plaintiff possession of the Marital Domicile; compelling Defendant to vacate the Marital Domicile or issuing a warrant of eviction removing Defendant and all occupants from the Marital Domicile.
A party seeking to remove a former spouse who remains in occupancy of real property following the entry of a judgment of divorce may proceed either within the underlying matrimonial action or in a separate ejectment action (Golfinopoulos v. Golfinopoulos, 171 AD2d 643 [2d Dept 1991]). Here, Plaintiff has sought relief in the form of a post-judgment application in this matrimonial action, by filing Motion Sequence No. 7 which resulted in the Court scheduling a hearing.
New York State Real Property Actions and Proceedings Law (hereinafter "RPAPL") § 221, provides that:
"Where a judgment affecting the title to, or the possession, enjoyment or use of, real property allots to any person a distinct parcel of real property, or contains a direction for the sale of real property, or confirms such an allotment or sale, it also may direct the delivery of the possession of the property to the person entitled thereto, subject to the rights and obligations set forth in section thirteen hundred five of this chapter.
If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, by order, in its discretion, besides punishing the disobedience as a contempt, may require the sheriff to put that person into possession. Such an order shall be executed as if it were an execution for the delivery of the possession of the property."
The Judgment provides Defendant the right of exclusive occupancy of the Marital Domicile until the contemplated sale of the property which was intended to occur within thirty days of entry of the Judgment during which time Defendant was required to cooperate with realtors in the marketing of the Marital Domicile to facilitate the Plaintiff locating a purchaser to complete the sale of the property. As noted above, this Court has determined that Defendant breached the Stipulation and Judgment by failing to cooperate with the realtors engaged by Plaintiff to market the Marital Domicile, thus preventing the sale of the property. Further, at the hearing, the Plaintiff credibly testified that he is the sole owner of the Marital Domicile having identified Exhibit A as the Deed to the property for which he took ownership of the property as the sole individual in title. Therefore, this Court determines that the Defendant's actions have interfered with Plaintiff's rights, possession, enjoyment and use of the Marital Domicile as the sole owner of said property.
Based upon the foregoing and pursuant to RPAPL 221, Plaintiff is hereby granted exclusive occupancy of the Marital Domicile commencing on March 28, 2025, at which time Defendant and any other occupants of the Marital Domicile shall vacate the premises with all tangible personal property (excluding any fixtures, including, but not limited to: light fixtures, appliances, etc.), with the understanding that any tangible personal property of Defendant remaining in the Marital Property thereafter shall be deemed abandoned. To effectuate this provision, a Warrant of Ejectment shall be entered simultaneously with this Decision and Order permitting the Westchester County Sheriff to remove Defendant from the Marital Domicile on March 28, 2025. 
D. Other relief.
To the extent any relief requested has not been granted or otherwise addressed herein it is hereby denied.
ACCORDINGLY, IT IS HEREBY:
ORDERED that it is determined that the Defendant has violated the terms of the Stipulation and Judgment, by failing to cooperate with realtors in the marketing and sale of the Marital Domicile, and the parties are hereby directed to comply with all provisions of the Stipulation and Judgment, including those pertaining to the marketing and sale of the Marital Domicile; and it is further
ORDERED that Plaintiff is hereby granted exclusive occupancy of the Marital Domicile [*4]commencing on March 28, 2025, at which time Defendant and any other occupants of the Marital Domicile shall vacate the premises with all tangible personal property (excluding any fixtures, including, but not limited to: light fixtures, appliances, etc.), with the understanding that any tangible personal property remaining in the Marital Domicile thereafter shall be deemed abandoned; and it is further
ORDERED that a Warrant of Ejectment shall be entered simultaneously with this Decision and Order permitting the Westchester County Sheriff to remove Defendant from the Marital Domicile on March 28, 2025; and it is further
ORDERED that by February 28, 2025, Plaintiff's counsel shall serve Defendant, via traceable overnight delivery, with a copy of this Decision and Order with a Notice of Entry, and by that date shall file with the Court a copy of same with proof of service including an overnight delivery tracking receipt; and it is further
ORDERED that any relief requested not expressly granted herein is denied; and it is further
ORDERED that Plaintiff's counsel shall order a copy of the Court Transcript for the hearing, pay the entire cost of same, and shall submit to be so ordered by April 18, 2025.
The foregoing constitutes the Decision and Order of the Court.
Dated: February 18, 2025
White Plains, New York
ENTER:
Hon. James L. Hyer, J.S.C.

Footnotes

Footnote 1: The Court determines this to be a scrivener's error made by the Court as "corporate" appears to be a misspelling of "cooperate." 

Footnote 2: Descriptions of exhibits are for identification only and as set forth in Plaintiff's Exhibit List.